UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON AT SEATTLE

| | |
|---|---|
| SOARING HELMET CORPORATION, a Washington corporation,<br><br>　　　　　　Plaintiff,<br><br>v.<br><br>NANAL, INC., a Nevada corporation, d/b/a LEATHERUP.COM, and GOOGLE, INC., a Delaware corporation.<br><br>　　　　　　Defendants. | Cause No. C09-0789 JLR<br><br>PLAINTIFF'S FIRST AMENDED COMPLAINT FOR:<br><br>(1) FEDERAL TRADEMARK INFRINGEMENT, 15 U.S.C. §1114;<br><br>(2) FALSE DESIGNATION OF ORIGIN, FALSE ADVERTISING, AND UNFAIR COMPETITION, 15 U.S.C. §1125(a);<br><br>(3) UNFAIR COMPETITION, RCW 19.86.<br><br>(5) TORTIOUS INTERFERENCE WITH PROSPECTIVE ECONOMIC ADVANTAGE |

Plaintiff Soaring Helmet Corporation ("Soaring Helmet" or "Plaintiff"), complains and alleges as follows:

FIRST AMENDED COMPLAINT – 1

INVICTA LAW GROUP, PLLC
1000 SECOND AVENUE, SUITE 3310
SEATTLE, WA 98104-1019
FAX (206) 903-6365
TEL (206) 903-6364

1840 071 ig230702

Dockets.Justia.com

## I. INTRODUCTION

1.1 This matter concerns the trademark infringement, unfair competition, and tortious interference with prospective economic advantage by Defendants, NANAL, INC., d/b/a LEATHERUP.COM and GOOGLE, INC., (collectively, "Defendants") against the owner of the following registered trademark: "VEGA" U.S. Trademark Registration No. 2087637 (the "Mark").

1.2 Soaring Helmet brings this action to secure relief under Federal and Washington State law. Soaring Helmet seeks: (a) a temporary, preliminary and permanent injunction prohibiting Defendants from further infringement of Soaring Helmet's Mark; (b) money damages for Defendants' past and continuing infringement of the Mark, unfair competition, and tortious interference with prospective economic advantage.

## II. THE PARTIES

2.1 <u>Plaintiff</u>. Plaintiff Soaring Helmet is a corporation duly organized and existing under the laws of the State of Washington with its principal place of business in Tukwila, Washington. Soaring Helmet is in good standing with the Washington Secretary of State's Office and has done all things necessary and proper to bring this lawsuit.

2.2 <u>Defendants</u>. Based on information and belief, Defendant Nanal, Inc., a Nevada corporation, d/b/a Leatherup.com ("Leatherup.com"), with headquarters at 2620 South Maryland, Suite 846, Las Vegas, Nevada, 89109. On information and belief,

*[handwritten: Keep this address or use LA address?]*

FIRST AMENDED COMPLAINT – 2

INVICTA LAW GROUP, PLLC
1000 SECOND AVENUE, SUITE 3310
SEATTLE, WA 98104-1019
FAX (206) 903-6365
TEL (206) 903-6364

1840 071 ig230702

Defendant Leatherup.com offers motorcycle accessories for sale on a nationwide basis, including Washington State, via its website and a toll-free telephone number.

2.3  Defendant Google, Inc. ("Google") is a Delaware Corporation, with headquarters at 1600 Amphitheatre Parkway, Mountain View, California, 94043. Google offers its internet search engine services on a nationwide basis, including Washington State, via its website.

### III. JURISDICTION AND VENUE

3.1  This Court has original jurisdiction over Count I and II under 15 U.S.C. §1121(a) (action arising under the Lanham Act) and 28 U.S.C. §§1331, 1338(a) (federal question) in that this case arises under the Trademark Laws of the United States, 15 U.S.C. §§1051-1127.

3.2  This Court has jurisdiction over Count III and Count IV under 28 U.S.C §1338(b) in accordance with the principles of pendant jurisdiction in that said claims are joined with substantial and related claims under the Trademark Laws of the United States, 15 U.S.C. §§1051-1127.

3.3  Venue is proper in this district pursuant to 28 U.S.C. §1391(b).

3.4  Personal jurisdiction in this district is proper because Defendants maintain continuous and systematic commercial contacts with Washington State. On information and belief, Defendants have purposefully availed themselves of the opportunity to conduct commercial activities in this forum, and this Complaint arises out of those activities.

INVICTA LAW GROUP, PLLC
1000 SECOND AVENUE, SUITE 3310
SEATTLE, WA 98104-1019
FAX (206) 903-6365
TEL (206) 903-6364

1840 071 ig230702

## IV. FACTUAL BACKGROUND

**Soaring Helmet's Trademark Rights.**

4.1     Since March 18, 1994, and continuously to the present, Soaring Helmet has owned and used the trademark VEGA in interstate commerce in connection with the sale of motorcycle helmets.

4.2     On August 23, 1996, Soaring Helmet filed an application to register the Mark with the United States Patent and Trademark Office (PTO). The Mark was registered on the Principal Register of the PTO on August 12, 1997 and was assigned Registration Number 2087637. A true and correct copy of the Certificate of Registration issued by the PTO is attached hereto as **Exhibit A.**

4.3     Soaring Helmet has sold a wide and diverse variety of VEGA helmets to customers throughout the United States. Soaring Helmet has invested substantial sums of time, money and effort to develop, use, advertise and promote the Mark. As a result, the Mark has become an integral and indispensable part of Soaring Helmet's business. To this end, Soaring Helmet carefully guards its intellectual property rights.

**Defendants' Wrongful Acts.**

4.4     Defendant Google operates a widely used Internet search engine through which customers can search for, among other things, websites offering products and services. A user can search on general terms, such as "motorcycle helmets," or more specific keywords, such as "VEGA helmets." The Google search engine compares the search terms entered by a user with databases of websites and generates a listing of the sites matching those terms. The results of these searches are known as "organic listings."

INVICTA LAW GROUP, PLLC
1000 SECOND AVENUE, SUITE 3310
SEATTLE, WA 98104-1019
FAX (206) 903-6365
TEL (206) 903-6364

1840 071 ig230702

4.5     In addition to organic listings, Google sells the opportunity to have advertisements appear alongside the organic listings. These advertisements appear as "Sponsored Links" either above or to the right of the organic search results. Upon information and belief, Google sold Plaintiff's Mark VEGA to Leatherup.com as a keyword which enables Leatherup.com to place a Sponsored Link alongside organic listings for the search query "VEGA helmets." Upon information and belief, Google allows advertisers to purchase trademarked terms regardless of whether the advertiser in fact sells any products under the purchased trademarked keyword.

4.6     In approximately April 2009, Plaintiffs learned that when the query "VEGA helmets" is searched via the Google search engine, an advertisement appeared under Google's sponsored listings that stated that Leatherup.com offered "50% off Vega Helmets." A copy of the search results is attached hereto as **Exhibit B.**

4.7     The Leatherup.com advertisement was false and misleading because Leatherup.com does not in fact sell any of Soaring Helmet's VEGA products.

4.8     Soaring Helmet has lost business due to actual confusion caused by the false and misleading Leatherup.com advertisement when at least one retailer refused to do business with Soaring Helmet due to the fact that the Leatherup.com advertisement falsely stated that Leatherup.com sells Soaring Helmet's products at a deep discount.

4.9     On or about April 28, 2009, Soaring Helmet sent letters to Defendants Leatherup.com and Google, demanding they cease and desist all use of the trademark VEGA in connection with false and misleading advertisements. Copies of these letters are attached hereto as **Exhibits C and D.**

INVICTA LAW GROUP, PLLC
1000 SECOND AVENUE, SUITE 3310
SEATTLE, WA 98104-1019
FAX (206) 903-6365
TEL (206) 903-6364

1840 071 ig230702

4.10 Google agreed to remove reference to the trademark VEGA from the Leatherup.com sponsored listing, which was confirmed via e-mail on or about May 20, 2009. However, when the query "VEGA Helmets" is searched via the Google website, the Leatherup.com advertisement still appears in Google's sponsored listings, despite the fact that Leatherup.com does not in fact sell any of Soaring Helmet's VEGA products. A copy of the current Google search results is attached as **Exhibit E.**

## V. FIRST CAUSE OF ACTION
## FEDERAL TRADEMARK INFRINGEMENT
(15 U.S.C. §1114)

5.1 Soaring Helmet realleges and incorporates herein by reference the allegations contained in all preceding paragraphs of this Complaint as part of this cause of action.

5.2 Soaring Helmet holds a valid and existing federal registration for the Mark. Soaring Helmet has continuously used the Mark since as early as 1994.

5.3 Defendant Leatherup.com, by using Soaring Helmet's Mark as a keyword to place its advertisements next to organic listings for Soaring Helmet's Mark, is likely to cause initial interest confusion of consumers that are in fact searching solely for Soaring Helmet's Mark.

5.4 Defendant Google, through its keyword advertising program, contributes to the aforementioned trademark infringement by knowingly encouraging advertisers to use Soaring Helmet's Mark in false and misleading advertisements that have caused, and is likely to cause confusion, mistake, or deception of consumers, to the detriment of Soaring Helmet.

INVICTA LAW GROUP, PLLC
1000 SECOND AVENUE, SUITE 3310
SEATTLE, WA 98104-1019
FAX (206) 903-6365
TEL (206) 903-6364

1840 071 ig230702

5.4 As a result of the confusion engendered by the false and misleading advertising, Soaring Helmet's valuable goodwill in respect to its VEGA Mark is at the mercy of Defendants.

5.6 The goodwill of Soaring Helmet's business is of enormous value, and Soaring Helmet will suffer irreparable harm should infringement be allowed to continue to the detriment of its trade reputation and goodwill.

5.7 Defendants' use of the Mark as alleged herein was done without the knowledge, consent or permission of Soaring Helmet and continues without the consent or permission of Soaring Helmet.

5.8 Defendants have violated the trademark rights of Soaring Helmet under the Trademark Act, thereby giving rise to a cause of action under 15 U.S.C. § 1114.

5.9 Soaring Helmet will be irreparably harmed unless Defendants are temporarily, immediately and permanently enjoined from any further use of the Mark and any further false and misleading advertising using the Mark.

5.10 Soaring Helmet has no adequate remedy at law and serious damage to its trademark rights will result unless Defendants' wrongful use of the Mark is enjoined by the court.

5.11 Defendants have continued to use the Mark notwithstanding that they have actual knowledge of Soaring Helmet's superior trademark rights as alleged herein, as well as knowledge of the actual confusion suffered by Soaring Helmet's customers. Defendants' infringement of the Soaring Helmet VEGA Mark accordingly constitutes intentional, willful, knowing and deliberate trademark infringement throughout the United

INVICTA LAW GROUP, PLLC
1000 SECOND AVENUE, SUITE 3310
SEATTLE, WA 98104-1019
FAX (206) 903-6365
TEL (206) 903-6364

1840 071 ig230702

States, including Washington State. Plaintiff therefore seeks judgment in the amount of three (3) times its damages, together with reasonable attorney's fees pursuant to 15 U.S.C. § 1117(a).

5.12 Defendants' infringement of the VEGA Mark as alleged herein has caused, and will continue to cause, Soaring Helmet to suffer damages in an amount unknown at this time and has caused, and will continue to cause, Defendants to gain revenues and profit in an amount unknown at this time. Pursuant to 15 U.S.C. § 1117(a), Soaring Helmet is entitled to an award of monetary damages in an amount equal to the losses suffered by Soaring Helmet or the revenues and/or profits gained by Defendants, which damages should be augmented as provided by 15 U.S.C. §1117(a).

5.13 Pursuant to 15 U.S.C. § 1117(a), any monetary damages awarded to Soaring Helmet should be trebled.

5.14 Pursuant to 15 U.S.C. § 1117(a), Soaring Helmet is entitled to an award of attorneys fees and costs of suit.

## VI. SECOND CAUSE OF ACTION
### FALSE DESIGNATION OF ORIGIN, FALSE ADVERTISING AND UNFAIR COMPETITION UNDER LANHAM ACT SECTION 43(a)
(15 U.S.C. §1125(a))

6.1 Soaring Helmet realleges and incorporates herein by reference the allegations contained in all preceding paragraphs of this Complaint as part of this cause of action.

INVICTA LAW GROUP, PLLC
1000 SECOND AVENUE, SUITE 3310
SEATTLE, WA 98104-1019
FAX (206) 903-6365
TEL (206) 903-6364

1840 071 ig230702

6.2  The actions of Defendants as alleged herein constitute false designation of origin, false advertising and unfair competition pursuant to Section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a).

6.3  The actions of Defendants have and are likely to continue to deceive customers and prospective customers into believing that Defendant Leatherup.com sells the products of Soaring Helmet, and, as a consequence, are likely to divert customers away from Soaring Helmet throughout the United States, including in Washington State.

6.4  Soaring Helmet has and will continue to be irreparably harmed unless Defendants are temporarily, immediately and permanently enjoined from any further use of the Mark and any further false and misleading advertising of products using the Mark.

6.5  Soaring Helmet has no adequate remedy at law and serious damage to its trademark rights will result unless Defendants' wrongful use of the Mark is enjoined by the court.

6.6  The actions of Defendants as alleged herein constitute intentional, willful, knowing and deliberate unfair competition and false advertising pursuant to Lanham Act Section 43(a).

6.7  Defendants' acts of unfair competition and false advertising in violation of the Lanham Act Section 43(a) as alleged herein have caused, and will continue to cause, Soaring Helmet to suffer damages in an amount unknown at this time and have caused, and will continue to cause Defendants to gain revenues and profit in an amount unknown at this time. Pursuant to 15 U.S.C. §1117(a), Soaring Helmet is entitled to an award of monetary damages in an amount equal to the losses suffered by Soaring Helmet and the

INVICTA LAW GROUP, PLLC
1000 SECOND AVENUE, SUITE 3310
SEATTLE, WA 98104-1019
FAX (206) 903-6365
TEL (206) 903-6364

revenues and/or profits gained by Defendants, which damages should be augmented as provided by 15 U.S.C. §1117(a).

6.8   Pursuant to 15 U.S.C. §1117(a), any monetary damages awarded to Soaring Helmet should be trebled.

6.9   Pursuant to 15 U.S.C. §1117(a), Soaring Helmet is entitled to an award of attorneys fees and costs of suit.

## VII. THIRD CAUSE OF ACTION
## WASHINGTON STATE UNFAIR COMPETITION AND CONSUMER PROTECTION ACT
(RCW 19.86)

7.1   Soaring Helmet re-alleges and incorporates herein by reference the allegations contained in all preceding paragraphs as part of this cause of action.

7.2   Defendants have engaged in unfair and deceptive acts or practices by using Soaring Helmet's VEGA Mark in connection with false and misleading advertising in Washington thereby creating a likelihood of public confusion as to the source of the goods and services.

7.3   Defendants' deceptive acts or practices injured Soaring Helmet.

7.4   Defendants' actions offend the public, are unethical, oppressive and unscrupulous, affecting trade and commerce now and in the future both within Washington State and elsewhere.

7.5   A causal link exists between the deceptive act and the resulting injury.

FIRST AMENDED COMPLAINT – 10

INVICTA LAW GROUP, PLLC
1000 SECOND AVENUE, SUITE 3310
SEATTLE, WA 98104-1019
FAX (206) 903-6365
TEL (206) 903-6364

7.6     Soaring Helmet has suffered damages relating to violation of the Consumer Protection Act RCW 19.86 by Defendants. The quantum of these damages will be proven at trial.

7.7     Soaring Helmet seeks, and is entitled to recover, its actual damages, together with the costs of suit, including reasonable attorneys' fees.

7.8     Soaring Helmet seeks and is entitled to recover an award of damages of up to three times the amount of the actual damages sustained up to the amount permitted by law.

## VIII. FOURTH CAUSE OF ACTION
## TORTIOUS INTERFERENCE WITH PROSPECTIVE ECONOMIC ADVANTAGE

8.1     Soaring Helmet re-alleges and incorporates herein by reference the allegations contained in all preceding paragraphs as part of this cause of action.

8.2     Soaring Helmet's right to obtain prospective customers constitutes a valid business expectancy.

8.3     Defendants had knowledge of Soaring Helmet's business expectancy.

8.4     Defendants intentionally interfered with Soaring Helmet's business expectancy and destroyed Plaintiff's opportunity to obtain prospective business customers. Defendants knew that the interference was certain or substantially certain to occur as a result of their actions.

8.5     Defendants' interference with Soaring Helmet's business expectancy was improper and the means used was innately wrongful and predatory in character.

INVICTA LAW GROUP, PLLC
1000 SECOND AVENUE, SUITE 3310
SEATTLE, WA 98104-1019
FAX (206) 903-6365
TEL (206) 903-6364

1840 071 ig230702

8.6 Soaring Helmet has suffered damages relating to violation of its business expectancy by Defendants. The quantum of these damages will be proven at trial.

## VII. PRAYER FOR RELIEF

WHEREFORE, Soaring Helmet prays for relief against Defendants as follows:

1. For a temporary, preliminary and permanent injunction restraining and enjoining Defendants, and their agents, servants, employees, and all others in active concert or participation with them, as follows:

   a. From further infringing Soaring Helmet's trademark rights;

   b. From the further purchase and/or sale of Soaring Helmet's VEGA Mark for use in false and misleading advertising;

   c. From further acts of false advertising and unfair competition as alleged herein.

2. For an award of damages suffered by Soaring Helmet, plus any revenues or profits earned by Defendants as a result of Defendants' trademark infringement, unfair competition and false advertising in an amount to be proven at trial.

3. For an award of augmented and treble damages as alleged herein pursuant to 15 U.S.C. §1117(a) and RCW 19.86.060.

4. For an award of punitive and exemplary damages in an amount to be proven at trial, but sufficient to punish and deter Defendants.

5. For an award of attorneys' fees and litigation expenses and costs to the maximum extent allowed by law.

6. For such other and further relief as the court deems just and proper.

FIRST AMENDED COMPLAINT – 12

INVICTA LAW GROUP, PLLC
1000 SECOND AVENUE, SUITE 3310
SEATTLE, WA 98104-1019
FAX (206) 903-6365
TEL (206) 903-6364

DATED July 24, 2009.

INVICTA LAW GROUP, PLLC

By: /s/Heather Morado/
Stacie Foster, WSBA No. 23397
Heather M. Morado, WSBA No. 35135
Steven W. Edmiston, WSBA No. 17136
Attorneys for Plaintiff

INVICTA LAW GROUP, PLLC
1000 SECOND AVENUE, SUITE 3310
SEATTLE, WA 98104-1019
FAX (206) 903-6365
TEL (206) 903-6364

1840 071 ig230702