Stacie Foster, WSBA #23397
Heather M. Morado WSBA #35135
INVICTA LAW GROUP, PLLC
1000 Second Avenue, Suite 3310
Seattle, WA 98104-1019
Telephone: (206) 903-6364
Facsimile: (206) 903-6365

Attorneys for Plaintiff

THE HONORABLE JAMES. J. ROBART

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON AT SEATTLE

| | |
|---|---|
| SOARING HELMET CORPORATION, a Washington corporation,<br><br>Plaintiff,<br><br>v.<br><br>NANAL, INC., a Nevada corporation, d/b/a LEATHERUP.COM, and GOOGLE INC., a Delaware corporation.<br><br>Defendants. | Cause No. C09-0789 JLR<br><br>JOINT STATUS REPORT AND DISCOVERY PLAN |

This Joint Status Report and Discovery Plan is filed by Plaintiff SOARING HELMET CORPORATION ("Soaring Helmet") and Defendant GOOGLE INC. ("Google").

**1. Statement of the Nature and Complexity of the Case**

The parties agree that this is not a complex case.

JOINT STATUS REPORT AND DISCOVERY PLAN – 1

INVICTA LAW GROUP, PLLC
1000 SECOND AVENUE, SUITE 3310
SEATTLE, WA 98104-1019
FAX (206) 903-6365
TEL (206) 903-6364

1840 071 ih170704

Dockets.Justia.com

Plaintiff Soaring Helmet's Statement of the Case:

Plaintiff Soaring Helmet has asserted claims for federal trademark infringement, false designation of origin, false advertising and unfair competition and tortious interference with prospective economic advantage against Defendants. The claims are in connection with the alleged infringement of Soaring Helmet's trademark "VEGA®" by Defendants, Nanal, Inc., d/b/a LeatherUp.com, and Google.

Soaring Helmet has used the trademark VEGA in connection with the marketing and sale of motorcycle helmets since 1994. Soaring Helmet has invested substantial sums of time, money, and effort to develop the favorable cachet, goodwill, and reputation associated with its VEGA mark. In April 2009, Soaring Helmet learned that when the query "VEGA helmets" was searched via the Google search engine, a false and misleading sponsored link appeared stating that Defendant Leatherup.com offered "50% off VEGA helmets." Soaring Helmet lost business as a result of the misleading advertisement when a potential distributor, attempting to research Soaring Helmet's reputation via the Google search engine, refused to associate with Soaring Helmet based on the mistaken assumption that it sells its VEGA helmets to deep discount retailers, when in fact, Soaring Helmet does not.

Soaring Helmet notified Defendants of its objection to the use of the VEGA mark as a keyword for Sponsored Links in connection with companies that do not in fact sell any of Soaring Helmet's products. Although Defendant Google agreed to remove the VEGA mark from the text of the advertisement, a search query for "VEGA helmets" still generates an advertisement for the Leatherup.com website. Soaring Helmet believes that

INVICTA LAW GROUP, PLLC
1000 SECOND AVENUE, SUITE 3310
SEATTLE, WA 98104-1019
FAX (206) 903-6365
TEL (206) 903-6364

1840 071 ih170704

Defendant Leatherup.com should not be permitted to siphon the goodwill associated with the VEGA mark by falsely luring consumers searching specifically for Soaring Helmet's mark to the Leatherup.com website; and Defendant Google should not be permitted to profit from the sale of Soaring Helmet's mark to companies that do not in fact sell any of Soaring Helmet's products. Although the confusion may be resolved once the consumer visits the Leatherup.com website, the damage to Soaring Helmet has already occurred because the potential consumer has been unfairly misled to Defendant Leatherup.com's website. Consumers should not be induced to purchase Defendant Leatherup.com's products based on an association with a trademark that Soaring Helmet exclusively owns. The use of Soaring Helmet's VEGA mark by Defendants unfairly trades on the favorable goodwill and cachet of the VEGA mark and creates initial interest confusion among consumers.

Defendant Google's Statement of the Case

Defendant Google is an Internet service provider that operates a popular search engine, which is available free of charge to Internet users. In conjunction with this free search engine, Google operates an advertising program called AdWords, which allows hundreds of thousands of people and businesses to promote their products and services through targeted advertising. Under Google's AdWords program, ads placed by advertisers are displayed on the organic search results page under the heading "Sponsored Links" and relate to the particular terms and phrases entered by users into Google's search engine. Both Google's "organic" search results and its revenue-

JOINT STATUS REPORT AND DISCOVERY PLAN – 3

INVICTA LAW GROUP, PLLC
1000 SECOND AVENUE, SUITE 3310
SEATTLE, WA 98104-1019
FAX (206) 903-6365
TEL (206) 903-6364

1840 071 ih170704

producing AdWords advertisements help Internet users quickly and easily access relevant information.

Plaintiff's purported claims against Google are based on AdWords advertisements created and paid for by Defendant Nanal, Inc., d/b/a LeatherUp.com. After Soaring Helmet requested that Google remove a LeatherUp.com advertisement that it claimed was inaccurate, Google did so, as Soaring Helmet admits in its complaint. Accordingly, it appears that Soaring Helmet has named Google as a defendant based solely on (i) its temporary publication of the inaccurate LeatherUp.com advertisement, which Google did not have any reason to doubt the accuracy of until notification by Plaintiff, at which time Google promptly removed that advertisement, and/or (ii) its publication of LeatherUp.com advertising for competing products—with no reference to "Vega"—in response to user queries for "Vega helmets." Truthful advertisements, labeled as "Sponsored Links," that contain links to websites offering competitive products are helpful to consumers, not confusing as to source or affiliation. As such, Google has not violated any of Soaring Helmet's rights under the Lanham Act or otherwise.

## 2. Preferred ADR Method

The parties' preferred ADR method is mediation, pursuant to Local Rule 39.1.

## 3. Timing of ADR Proceeding

The parties believe that ADR, and specifically, mediation, should be conducted by November 12, 2010.

## 4. Deadline for Joining Additional Parties

The parties propose additional parties be joined by August 31, 2009.

INVICTA LAW GROUP, PLLC
1000 SECOND AVENUE, SUITE 3310
SEATTLE, WA 98104-1019
FAX (206) 903-6365
TEL (206) 903-6364

1840 071 ih170704

## 5. Proposed Discovery Plan

The parties suggest the following discovery plan:

### A. FRCP 26(f) Conference and FRCP 26(a) Initial Disclosures

The parties held a telephonic FRCP 26(f) Conference on August 12, 2009. Initial Disclosures will be exchanged by August 17, 2009, pursuant to the Court's amended scheduling order.

### B. Subject Matter and Phases of Discovery

The parties require discovery related to all issues in this case. However, Google anticipates filing early dispositive motions, which it expects will resolve most, if not all, of the claims asserted against it.

### C. Limitations on Discovery

The parties agree not to serve discovery requests until August 24, 2009, one week after the exchange of initial disclosures. The parties do not believe at present that any other changes should be made to the limitations on discovery imposed under the Federal and Local Civil Rules, or that any other limitations should be imposed. Recognizing, however, that circumstances may change as the case progresses, the parties reserve the right to request changes if circumstances warrant.

### D. Discovery Management

The parties will work together to minimize discovery disputes. In addition, the parties will prepare and file an agreed electronic discovery protocol.

INVICTA LAW GROUP, PLLC
1000 SECOND AVENUE, SUITE 3310
SEATTLE, WA 98104-1019
FAX (206) 903-6365
TEL (206) 903-6364

1840 071 ih170704

### E. Other Discovery Orders

The parties believe that a protective order is required to protect confidential information exchanged during discovery. The parties will prepare and file an agreed Stipulated Protective Order. The parties are not presently aware of any other orders that should be entered by the Court under FRCP 26(c) or under Local Rule CR 16(b) and (c).

### 6. Date for Completion of Discovery

The parties agree that discovery can be completed by September 30, 2010.

### 7. Referral to Magistrate Judge

The parties do not agree to the designation of a magistrate judge.

### 8. Bifurcation

The parties see no need to bifurcate any issues.

### 9. Pre-Trial Statements and Pre-Trial Order

The parties believe that the Local Rules need not be modified.

### 10. Suggestions for Shortening or Simplifying the Case

The parties presently have no suggestions to offer at this time for shortening or simplifying the case, except that Google anticipates filing early dispositive motions, which it expects will resolve most, if not all, of the claims asserted against it.

### 11. Date Ready for Trial

The parties agree that the matter can be ready for trial by January 31, 2011.

### 12. Trial by Jury

A jury trial at this time has not been requested, but Google intends to make a timely jury demand.

INVICTA LAW GROUP, PLLC
1000 SECOND AVENUE, SUITE 3310
SEATTLE, WA 98104-1019
FAX (206) 903-6365
TEL (206) 903-6364

1840 071 ih170704

13. **Number of Trial Days Required**

The parties anticipate that trial of this matter will require 4-5 court days.

14. **Names, Addresses and Telephone Numbers of Trial Counsel**

Plaintiff:	Stacie Foster
Steven W. Edmiston
Heather M. Morado
INVICTA LAW GROUP, PLLC
1000 Second Avenue, Suite 3310
Seattle, Washington 98104
Telephone: (206) 903-6364
Facsimile: (206) 903-6365
sfoster@invictalaw.com
sedmiston@invictalaw.com
hmorado@invictalaw.com

Defendants:	Margret M. Caruso
QUINN EMANUEL URQUHART OLIVER & HEDGES, LLC
555 Twin Dolphin Drive, Suite 560
Redwood Shores, California 94065-2139
Telephone: (650) 801-5000
Facsimile: (650) 801-5100
margretcaruso@quinnemanuel.com

Karin B. Swope
KELLER ROHRBACK, LLC
1201 Third Avenue, Suite 3200
Seattle, WA 98101
Telephone: (206) 623-1900
Facsimile: (206) 623-3384
kswope@kellerrohrback.com

15. **Service of all Parties**

Both defendants have been served.

16. **Scheduling Conference**

The parties do not believe that a scheduling conference is required.

JOINT STATUS REPORT AND DISCOVERY PLAN – 7

INVICTA LAW GROUP, PLLC
1000 SECOND AVENUE, SUITE 3310
SEATTLE, WA 98104-1019
FAX (206) 903-6365
TEL (206) 903-6364

1840 071 ih170704

RESPECTFULLY SUBMITTED this 17th day of August 2009.

INVICTA LAW GROUP, PLLC

BY: *Heather Morado* (signature)
Stacie Foster, WSBA No. 23397
Steve Edmiston, WSBA No. 17136
Heather M. Morado, WSBA No. 35135
Attorneys for Plaintiff Soaring Helmet Corp.

KELLER ROHRBACK, LLC

BY: /S/ KARIN B. SWOPE
Karin B. Swope, WSBA No. 24015
Attorney for: Google Inc.

QUINN EMANUEL URQUHART OLIVER & HEDGES, LLP

BY: /S/ MARGARET M. CARUSO
Margret M. Caruso (admitted *pro hac vice*)
Attorney for Google Inc.

JOINT STATUS REPORT AND DISCOVERY PLAN – 8

INVICTA LAW GROUP, PLLC
1000 SECOND AVENUE, SUITE 3310
SEATTLE, WA 98104-1019
FAX (206) 903-6365
TEL (206) 903-6364

1840 071 ih170704

## CERTIFICATE OF SERVICE

I hereby certify that I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following persons/attorneys of record:

Ms. Karin B. Swope
Keller Rohrback, LLC
kswope@kellerrohrback.com

Ms. Margret M. Caruso
Quinn Emanuel Urquhart Oliver & Hedges, LLP
margretcaruso@quinnemanuel.com

Dated this 17th day of August 2009, at Seattle, Washington.

*/s/ Katy M. Albritton*
Katy M. Albritton
Legal Assistant

JOINT STATUS REPORT AND DISCOVERY PLAN – 9

INVICTA LAW GROUP, PLLC
1000 SECOND AVENUE, SUITE 3310
SEATTLE, WA 98104-1019
FAX (206) 903-6365
TEL (206) 903-6364

1840 071 ih170704