The Honorable James L. Robart

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| SOARING HELMET CORPORATION, a Washington corporation,,<br><br>Plaintiff,<br><br>v.<br><br>NANAL, INC., d/b/a/ LEATHERUP.COM, a Nevada corporation, and GOOGLE, INC., a Delaware corporation.<br><br>Defendant. | No. 2:09-cv-00789-JLR<br><br>**GOOGLE INC.'S MOTION TO DISMISS COUNTS II, III, AND IV OF THE COMPLAINT**<br><br>**NOTE ON MOTION CALENDAR:**<br><br>Date: September 11, 2009<br><br>**ORAL ARGUMENT REQUESTED** |

01980.61637/3058294.1

LAW OFFICES OF
**KELLER ROHRBACK L.L.P.**
1201 THIRD AVENUE, SUITE 3200
SEATTLE, WASHINGTON 98101-3052
TELEPHONE: (206) 623-1900
FACSIMILE: (206) 623-3384

Dockets.Justia.com

# Table of Contents

I. INTRODUCTION ........................................................................................................... 1

II. SOARING HELMET'S ALLEGATIONS ..................................................................... 2

III. ARGUMENT .................................................................................................................. 3

    A. COUNT II FAILS BECAUSE SOARING HELMET HAS NOT ALLEGED FACTS SUFFICIENT TO SUPPORT A CLAIM FOR VIOLATION OF SECTION 43(a) OF THE LANHAM ACT ............................ 4

        1. Soaring Helmet Fails To State A Claim For False Designation Of Origin Because Google Does Not Use The VEGA Mark To Misrepresent Google's Goods Or Services .................... 4

        2. Soaring Helmet's Attempt To Plead False Advertising Fails Because It And Google Are Not Competitors. ......................... 5

        3. Soaring Helmet's Attempt To Plead Unfair Competition Under Section 1125(a) Fails Because It Alleges No Facts Sufficient To State Such A Claim. .............................................. 6

    B. COUNTS III AND IV FAIL BECAUSE THE COMMUNICATIONS DECENCY ACT PROVIDES GOOGLE WITH A COMPLETE DEFENSE TO THEM ...................................................... 7

    C. ALTERNATIVELY, COUNT IV FAILS BECAUSE SOARING HELMET HAS NOT ALLEGED FACTS SUFFICIENT TO SUPPORT A CLAIM FOR TORTIOUS INTERFERENCE .............................. 9

IV. CONCLUSION ............................................................................................................ 11

LAW OFFICES OF
**KELLER ROHRBACK L.L.P.**
1201 THIRD AVENUE, SUITE 3200
SEATTLE, WASHINGTON 98101-3052
TELEPHONE: (206) 623-1900
FACSIMILE: (206) 623-3384

**Table of Authorities**

**Cases**

*Almeida v. Amazon.com, Inc.*
  456 F.3d 1316 (11th Cir. 2006) .................................................................................................. 7

*Aulson v. Blanchard*
  83 F.3d 1 (1st Cir. 1996) ............................................................................................................ 3

*Balistreri v. Pacifica Police Dep't*
  901 F.2d 696 (9th Cir. 1990) ..................................................................................................... 3

*Barrus v. Sylvania*
  55 F.3d 468 (9th Cir. 1995) ....................................................................................................... 5

*Bell Atlantic Corp. v. Twombly*
  550 U.S. 544 (2007) ............................................................................................................ 3, 10

*Brosnan v. Florida*
  2009 WL 1764535 (N.D. Cal. 2009) ......................................................................................... 6

*Cairns v. Franklin Mint Co.*
  24 F. Supp. 2d 1013 (C.D. Cal. 1998) ....................................................................................... 4

*Carafano v. Metrosplash.com, Inc.*
  339 F.3d 1119 (9th Cir. 2003) ................................................................................................... 7

*Corbis Corp. v. Amazon.com, Inc.*
  351 F.Supp.2d 1090 (W.D. Wash. 2004) .......................................................................... 7, 8, 9

*Dastar Corp. v. Twentieth Century Fox Film Corp.*
  539 U.S. 23 (2003) ................................................................................................................ 4, 6

*Facenda v. N.F.L. Films, Inc.*
  542 F.3d 1007 (3d Cir. 2008) .................................................................................................... 4

*Fisher v. Parkview Properties, Inc.* 71 Wash. App. 468 (1993) .................................................. 10

*Goddard v. Google Inc.,* 2009 WL 2365866 (N.D. Cal. 2009) ........................................................ 8

*Gregoire v. Rumsfeld*
  463 F.Supp.2d 1209 (W.D. Wash. 2006) .................................................................................. 9

*In re Section 16(b) Litigation*
  602 F.Supp.2d 1202 (W.D. Wash. 2009) .................................................................................. 3

(2:09-cv-00789-JLR) Page - iii

LAW OFFICES OF
**KELLER ROHRBACK L.L.P.**
1201 THIRD AVENUE, SUITE 3200
SEATTLE, WASHINGTON 98101-3052
TELEPHONE: (206) 623-1900
FACSIMILE: (206) 623-3384

*Jack Russell Terrier Network of Northern California v. American Kennel Club, Inc.*
    407 F.3d 1027, 1037 (9th Cir. 2005) .................................................................................. 6

*Keniston v. Roberts*
    717 F.2d 1295 (9th Cir. 1983) ............................................................................................ 9

*Kingsberry v. Chicago Title Ins. Co.*
    586 F.Supp. 2d 1242 (W.D. Wash. 2008) ......................................................................... 10

*Kournikova v. Gen. Media Commc'ns, Inc.*
    278 F.Supp.2d 1111 (C.D. Cal. 2003) ................................................................................ 5

*Langdon v. Google*
    474 F. Supp. 2d 622 (D. Del. 2007) ................................................................................... 8

*Leingang v. Pierce County Med. Bureau, Inc.*
    131 Wash.2d 133 (1997) ..................................................................................................... 9

*McGlinchy v. Shell Chemical Co.*
    845 F.2d 802 (9th Cir. 1988) .............................................................................................. 3

*Nemet Chevrolet, Ltd. v. Consumeraffairs.com, Inc.*
    564 F. Supp. 2d 544 (E.D. Va. 2008) ................................................................................. 5

*Newton Ins. Agency & Brokerage, Inc. v. Caledonian Ins. Group, Inc.*
    114 Wash. App. 151 (2002) .............................................................................................. 10

*Optimum Technologies, Inc. v. Henkel Consumer Adhesives, Inc.*
    496 F.3d 1231 (11th Cir. 2007) .......................................................................................... 4

*Pacific Northwest Shooting Park Assn. v. City of Sequim*
    158 Wash.2d 342 (2006) ..................................................................................................... 9

*Parker v. Google Inc.*
    422 F.Supp.2d 492 (E.D. Pa. 2006) .................................................................................... 8

*Perfect 10, Inc. v. CCBill LLC*
    488 F.3d 1102 (9th Cir. 2007) ............................................................................................ 7

*Schneider v. Amazon.com, Inc.*
    108 Wash. App. 454 (2001) ................................................................................................ 8

*Scott v. City of Seattle*
    99 F.Supp.2d 1263 (W.D. Wash. 1999) ............................................................................. 9

(2:09-cv-00789-JLR) Page - iv

LAW OFFICES OF
**KELLER ROHRBACK L.L.P.**
1201 THIRD AVENUE, SUITE 3200
SEATTLE, WASHINGTON 98101-3052
TELEPHONE: (206) 623-1900
FACSIMILE: (206) 623-3384

1 | *Seabury & Smith, Inc. v. Payne Financial Group, Inc.*
        393 F.Supp.2d 1057 (E.D. Wash. 2005) .............................................................................. 10

*Sea-Pac Co., Inc. v. United Food and Commercial Workers Local Union 44*
        103 Wash.2d 800 (1985) ....................................................................................................... 10

*Zeran v. America Online, Inc.*
        129 F.3d 327 (4th Cir. 1997) .................................................................................................. 7

**Statutes**

15 U.S.C. § 1125(a) ................................................................................................... 1, 4, 5, 6

47 U.S.C. § 230 ......................................................................................................... 1, 7, 8, 9

**Rules**

F.R.C.P. 12(b)(6) ................................................................................................................. 3

LAW OFFICES OF
**KELLER ROHRBACK L.L.P.**
1201 THIRD AVENUE, SUITE 3200
SEATTLE, WASHINGTON 98101-3052
TELEPHONE: (206) 623-1900
FACSIMILE: (206) 623-3384

# I. INTRODUCTION

Plaintiff Soaring Helmet Corporation ("Soaring Helmet") contends that defendant Nanal, Inc., d/b/a/ LeatherUp.com ("LeatherUp.com"), has diverted customers for VEGA brand motorcycle helmets by placing deceptive online advertisements using the VEGA mark. Soaring Helmet alleges that this violates its Lanham Act rights and constitutes unfair competition under Washington law and tortious interference with its prospective economic advantage. Soaring Helmet asserts identical claims against Google Inc. ("Google") because it displayed LeatherUp.com's advertising on its website. Yet, as Soaring Helmet admits, upon it informing Google that the LeatherUp.com advertisement inaccurately referenced the sale of Vega helmets, Google stopped publishing the ad. On the facts pled, Google is little more than a bystander in a skirmish between two sellers of motorcycle helmets.

At this early pleading stage, the flawed legal theories underlying Soaring Helmet's allegations against Google warrant dismissal of Counts II, III, and IV of the Complaint. Count II's purported claim for false designation of origin fails because Soaring Helmet has not pled that Google used the VEGA mark to designate or convey the origin, sponsorship, affiliation, or endorsement of Google's goods or services. Nor has Soaring Helmet alleged that a reasonable consumer could be confused into believing that it sponsors, endorses, or is affiliated with Google. Soaring Helmet's other theories under 15 U.S.C. § 1125(a) are equally deficient, including its claim for false advertising. Because Soaring Helmet and Google are not competitors, Soaring Helmet lacks standing to bring a false advertising claim against Google.

State law Counts III and IV also fail because under the Communications Decency Act of 1996, 47 U.S.C. § 230, Google is protected from liability from claims predicated upon its publication of an advertisement created by a third party. Even without this immunity, Count IV's purported claim for tortious interference also fails because Soaring Helmet has not alleged the elements of a tortious interference claim, including identities of likely customers and

LAW OFFICES OF
**KELLER ROHRBACK L.L.P.**
1201 THIRD AVENUE, SUITE 3200
SEATTLE, WASHINGTON 98101-3052
TELEPHONE: (206) 623-1900
FACSIMILE: (206) 623-3384

Google's knowledge of, and intent to interfere with, Soaring Helmet's relationships with such customers.

These deficiencies cannot be overcome by amendment. Soaring Helmet cannot allege in good faith that Google is its competitor, nor likely confusion as to the origin, sponsorship, or endorsement of, or affiliation between Google and Soaring Helmet. The Court should dismiss Counts II, III, and IV with prejudice.

## II. SOARING HELMET'S ALLEGATIONS

Because Soaring Helmet's allegations must be accepted as true for purposes of this motion, the most relevant ones are summarized here.

Google is an Internet company based in Mountain View, California. Complaint, ¶ 2.3. In response to a user query, Google's popular Internet search engine displays website listings generated from a database of websites. *Id.* ¶ 4.4. Soaring Helmet refers to such search results as "organic listings." *Id.* Google's search result pages may also display advertisements labeled "Sponsored Links," above or to the right of organic search results. *Id.* ¶ 4.5.

Soaring Helmet alleges that it owns the trademark VEGA in connection with the sale of motorcycle helmets. Complaint, ¶ 4.1. It alleges that LeatherUp.com, a retailer of motorcycle accessories, placed an Internet advertisement that included the word "Vega," through Google's "Sponsored Links" program. *Id.* ¶ 4.5. After Soaring Helmet discovered LeatherUp.com's advertisement offering "50% off Vega Helmets," its attorney sent LeatherUp.com a cease and desist letter. *Id.* ¶ 4.6, 4.9, Ex. C. Its attorneys also sent a substantially identical letter to Google. *Id.* ¶ 4.9, Ex. D. Google then promptly removed the advertisement referencing the VEGA mark. *Id.* ¶ 4.10.

Soaring Helmet alleges that it lost business when an unnamed retailer refused to do business with it because of the "50% off Vega Helmets" advertisement. *Id.* ¶¶ 4.6, 4.8. Soaring Helmet does not allege that Google knew of its relationship with the unnamed retailer whose
(2:09-cv-00789-JLR) Page - 2

LAW OFFICES OF
**KELLER ROHRBACK L.L.P.**
1201 THIRD AVENUE, SUITE 3200
SEATTLE, WASHINGTON 98101-3052
TELEPHONE: (206) 623-1900
FACSIMILE: (206) 623-3384

business it purportedly lost due to the advertisement. Nor does it allege that it had any other specific business relationship that it lost as a result of the advertisement(s) at issue.

After Google removed the advertisement that contained the inaccurate reference to the VEGA mark, LeatherUp.com began running an advertisement that appears on Google's website when "VEGA Helmets" is entered as a search term. Complaint, ¶ 4.10. The advertisement states:

> 50% Of [sic] Motorcycle Helmets
> Leatherup.com Half-face, full face helmets from $29.95,
> Top Brands HJC, Shoei, Bell

*Id.* Ex. E. It does not use the word "Vega" or make any other reference to Soaring Helmet or its products.

### III. ARGUMENT

A claim may be dismissed under Rule 12(b)(6) of the Federal Rules of Civil Procedure if the plaintiff "fails to allege either a cognizable legal theory or sufficient facts in support of a cognizable legal theory." *In re Section 16(b) Litigation*, 602 F.Supp.2d 1202, 1215 (W.D. Wash. 2009) (citing *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990)); *see also* F.R.C.P. 12(b)(6). Although facts alleged in the complaint must be accepted as true for purposes of the motion to dismiss, the Court need not accept as true conclusory allegations or legal characterizations, nor need it accept unreasonable inferences or unwarranted deductions of fact. *See Aulson v. Blanchard*, 83 F.3d 1, 3 (1st Cir. 1996) (courts need not "swallow the plaintiff's invective hook, line, and sinker; bald assertions, unsupportable conclusions, periphrastic circumlocutions, and the like need not be credited."); *McGlinchy v. Shell Chemical Co.*, 845 F.2d 802, 810 (9th Cir. 1988). Further, "a plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (citation omitted) ("Factual allegations must be enough to raise a right to relief above the speculative level.").

LAW OFFICES OF
**KELLER ROHRBACK L.L.P.**
1201 THIRD AVENUE, SUITE 3200
SEATTLE, WASHINGTON 98101-3052
TELEPHONE: (206) 623-1900
FACSIMILE: (206) 623-3384

## A. COUNT II FAILS BECAUSE SOARING HELMET HAS NOT ALLEGED FACTS SUFFICIENT TO SUPPORT A CLAIM FOR VIOLATION OF SECTION 43(a) OF THE LANHAM ACT

### 1. Soaring Helmet Fails To State A Claim For False Designation Of Origin Because Google Does Not Use The VEGA Mark To Misrepresent Google's Goods Or Services.

The Lanham Act's prohibition on false designation of origin relates only to confusion arising from a defendant's use of misleading words or marks on its own goods or services that results in confusion of affiliation or connection between the plaintiff and the defendant's goods or services. 15 U.S.C. § 1125(a)(1)(A). As one court explained, "section 43(a)'s language—which prohibits a 'false designation of origin'—has been construed by the courts as creating a federal action for 'passing off,' which occurs 'when a producer misrepresents his own goods or services as someone else's.'" *Optimum Technologies, Inc. v. Henkel Consumer Adhesives, Inc.*, 496 F.3d 1231, 1248 (11th Cir. 2007) (quoting *Dastar Corp. v. Twentieth Century Fox Film Corp.*, 539 U.S. 23, 28 n.1 (2003)). Thus, to state a claim for false designation of origin, under the Lanham Act's language, Soaring Helmet must allege that Google has used any word, term or trademark that:

> is likely to cause confusion . . . as to the affiliation, connection, or association of such person [the one alleged to have used a false designation of origin—i.e., the defendant] with another person [i.e., the plaintiff] or as to the origin, sponsorship, or approval of his or her [i.e., the defendant's] goods, services, or commercial activities by another person [i.e., the plaintiff].

15 U.S.C. § 1125(a)(1)(A). Soaring Helmet makes no such allegation, nor can it in good faith.

Courts have confirmed that the Lanham Act's reference to "another person" in this section means the plaintiff. *E.g.*, *Facenda v. N.F.L. Films, Inc.*, 542 F.3d 1007, 1014 (3d Cir. 2008) (determining that the false designation of origin claim related to whether the defendant's actions may lead to confusion over whether the plaintiff sponsors the defendant's products); *Cairns v. Franklin Mint Co.*, 24 F. Supp. 2d 1013, 1032-33 (C.D. Cal. 1998) (same); *Nemet*

LAW OFFICES OF
**KELLER ROHRBACK L.L.P.**
1201 THIRD AVENUE, SUITE 3200
SEATTLE, WASHINGTON 98101-3052
TELEPHONE: (206) 623-1900
FACSIMILE: (206) 623-3384

*Chevrolet, Ltd. v. Consumeraffairs.com, Inc.*, 564 F. Supp. 2d 544, 553 (E.D. Va. 2008) (dismissing Lanham Act claims by a non-competitor against a website because "Plaintiffs lack standing because they are not in competition with Defendant and their alleged injury is not of the sort that the Lanham Act sought to prevent"). Thus, to state a claim, Soaring Helmet must allege consumer confusion between it and Google—not a third party.

Soaring Helmet has not pled such a claim, and instead simply alleges that "[t]he actions of Defendants have and are likely to continue to deceive customers and prospective customers into believing that defendant LeatherUp.com sells the products of Soaring Helmet." Complaint, ¶ 6.3. Even if Soaring Helmet intended its unsupported reference to "Defendants" to include Google, Soaring Helmet alleges confusion only between it and LeatherUp.com. In other words, Soaring Helmet does not contend that consumers believe that Soaring Helmet endorses, supports, sponsors, or is otherwise affiliated with Google. Lacking any allegation that Google is misrepresenting its own goods or services as those of Soaring Helmet, the false designation of origin count necessarily fails.

### 2. Soaring Helmet's Attempt To Plead False Advertising Fails Because It And Google Are Not Competitors.

Soaring Helmet's false advertising theory also fails as a matter of law. Because Google does not compete with Soaring Helmet in the marketplace, Soaring Helmet lacks standing to bring such a claim against Google.

In the Ninth Circuit, standing under the false advertising prong of the Lanham Act, 15 U.S.C. § 1125(a)(1)(B), requires that the plaintiff allege a competitive injury—i.e., that the injury harms the plaintiff's ability to compete with the defendant. *Barrus v. Sylvania*, 55 F.3d 468, 470 (9th Cir. 1995) (affirming dismissal of false advertising claim because complaint did not allege a competitive injury). In other words, the parties must be competitors in the sense that they "vie for the same dollars from the same consumer group," and the alleged misrepresentation must at least theoretically effect a diversion of business from the plaintiff to the defendant. *See Kournikova v. Gen. Media Commc'ns, Inc.*, 278 F.Supp.2d 1111, 1117-18 (C.D. Cal. 2003) (no

LAW OFFICES OF
**KELLER ROHRBACK L.L.P.**
1201 THIRD AVENUE, SUITE 3200
SEATTLE, WASHINGTON 98101-3052
TELEPHONE: (206) 623-1900
FACSIMILE: (206) 623-3384

claim for false advertising stated although plaintiff athlete and defendant magazine may compete for the use of plaintiff's name and identity). Without such an allegation, the false advertising theory fails. *E.g., Jack Russell Terrier Network of Northern California v. American Kennel Club, Inc.*, 407 F.3d 1027, 1037 (9th Cir. 2005) (a former regional affiliate of the Jack Russell Terrier Club of America did not have standing to sue for false advertising under § 1125(a)(1)(B) without a competitive injury); *Brosnan v. Florida*, 2009 WL 1764535, *1 n. 4 (N.D. Cal. 2009) (dismissing Lanham Act claim against website operator because plaintiff did not allege competitive injury).

It is beyond dispute that Google does not compete with Soaring Helmet. Soaring Helmet sells motorcycle helmets. Google, a global Internet company best known for its search engine services, does not sell motorcycle helmets or anything even remotely analogous. They are in entirely different lines of business. Accordingly, Soaring Helmet's claim for false advertising fails as a matter of law for lack of an allegation of competitive injury.

### 3. Soaring Helmet's Attempt To Plead Unfair Competition Under Section 1125(a) Fails Because It Alleges No Facts Sufficient To State Such A Claim.

In addition to its theory of false designation of origin, and its theory of false advertising, Soaring Helmet's list of Count II theories includes "unfair competition" under 15 U.S.C. § 1125(a). Complaint, ¶¶ 6.2, 6.7 However, Section 1125(a)'s protection against unfair competition is restricted to the specific language of (a)(1)(A) and (a)(1)(B), discussed above. As the United States Supreme Court has recognized "because of its inherently limited wording, § 43(a) can never be a federal 'codification' of the overall law of 'unfair competition' . . . but can apply only to certain unfair trade practices prohibited by its text." *Dastar*, 539 U.S. at 29 (citation omitted). Given Soaring Helmet's inability to state a claim under the statutory language of 15 U.S.C. § 1125(a), its mere invocation of the words "unfair competition" is insufficient to save Count II from dismissal.

LAW OFFICES OF
**KELLER ROHRBACK L.L.P.**
1201 THIRD AVENUE, SUITE 3200
SEATTLE, WASHINGTON 98101-3052
TELEPHONE: (206) 623-1900
FACSIMILE: (206) 623-3384

**B. COUNTS III AND IV FAIL BECAUSE THE COMMUNICATIONS DECENCY ACT PROVIDES GOOGLE WITH A COMPLETE DEFENSE TO THEM**

The goal of the Communications Decency Act of 1996 ("CDA") is to "promote the continued development of the Internet and other interactive computer services." 47 U.S.C. § 230(b)(1). To facilitate that goal, the CDA provides complete immunity to each "provider or user of an interactive computer service" from liability premised on "information provided by another information content provider," except for intellectual property claims. 47 U.S.C. §§ 230(c)(1), (e); *see also Corbis Corp. v. Amazon.com, Inc.*, 351 F.Supp.2d 1090, 1118 (W.D. Wash. 2004) (quoting *Zeran v. America Online, Inc.*, 129 F.3d 327, 330 (4th Cir. 1997)).

To further the CDA's goal of promoting the development of interactive computer services, "reviewing courts have treated § 230(c) immunity as quite robust, adopting a relatively expansive definition of 'interactive computer service.'" *Carafano v. Metrosplash.com, Inc.*, 339 F.3d 1119, 1123 (9th Cir. 2003). The Ninth Circuit has characterized the CDA as "establish[ing] broad 'federal immunity to any cause of action that would make service providers liable for information originating with a third-party user of the service.'" *Perfect 10, Inc. v. CCBill LLC*, 488 F.3d 1102, 1118 (9th Cir. 2007) (quoting *Almeida v. Amazon.com, Inc.*, 456 F.3d 1316, 1321 (11th Cir. 2006)). The provider of an "'interactive computer service' qualifies for immunity so long as it does not also function as an 'information content provider' for the portion of the statement or publication at issue." *Carafano*, 339 F.3d at 1123. In other words, "so long as a third party willingly provides the essential published content, the interactive service provider receives full immunity regardless of the specific editing or selection process." *Id.* at 1124.

Google plainly satisfies the CDA's definition of an "interactive computer service" as an "information service . . . that provides or enables computer access by multiple users . . . ." 47 U.S.C. § 230(f)(2). *See* Complaint, ¶ 4.4 (alleging that "Google operates a widely used internet search engine through which customers can search for, among other things, websites offering products and services" and describing operation of the search engine); ¶ 4.5 (alleging that Google also "sells the opportunity to have advertisements appear alongside the organic listings").

LAW OFFICES OF
**KELLER ROHRBACK L.L.P.**
1201 THIRD AVENUE, SUITE 3200
SEATTLE, WASHINGTON 98101-3052
TELEPHONE: (206) 623-1900
FACSIMILE: (206) 623-3384

Google also satisfies the CDA's definition of "an access software provider" as "a provider of software . . . or enabling tools" that "filter, screen, allow, or disallow content," "pick, choose, analyze, or digest content," or "transmit, receive, display, forward, cache, search, subset, organize, reorganize, or translate content." 47 U.S.C. § 230(f)(4). *See also* Complaint, ¶¶4.4-4.5, Ex. B. (describing Google's search and advertising programs).

Consistent with application of the CDA's plain language, other courts have held that Google qualifies as an immune provider of an interactive computer service. *Langdon v. Google*, 474 F. Supp. 2d 622, 631 (D. Del. 2007) ("Section 230 provides Google, Yahoo, and Microsoft immunity for their editorial decisions regarding screening and deletion [of advertising] from their network."); *Parker v. Google Inc.*, 422 F.Supp.2d 492, 501 (E.D. Pa. 2006) ("[T]here is no doubt that Google qualifies as an 'interactive computer service.'"), *aff'd*, 242 Fed.Appx. 833, 838 (3d Cir. 2007); *see also Goddard v. Google Inc.*, 2009 WL 2365866 (N.D. Cal. 2009). In addition, a third party (LeatherUp.com)—not Google—provides the content published in the accused advertisements. *E.g.,* Complaint, ¶¶ 4.4, 4.5 (referencing LeatherUp.com's "place[ment] of a Sponsored Link"). As such, Google is not an "information content provider" exempt from the CDA's broad immunity for "interactive service providers." *See Goddard*, 2009 WL 2365866 at *2 (dismissing complaint because, notwithstanding plaintiff's arguments to the contrary, Google's role in its AdWords program did not satisfy the Ninth Circuit's "'relatively restrictive definition of information content provider'") (citation omitted).

The CDA bars claims for tortious interference and violation of R.C.W. 19.86.020 *et seq.* that are based on an interactive computer service provider's publication of content authored by third parties. *Corbis Corp. v. Amazon.com, Inc.*, 351 F.Supp.2d 1090; *see also Schneider v. Amazon.com, Inc.*, 108 Wash. App. 454 (2001) (Internet book vendor was immune from liability for tortious interference arising from allegedly false statements about the plaintiff and his business made by third parties in the book review section). In *Corbis Corp. v. Amazon.com, Inc.*, this Court held that the plaintiff's claims for tortious interference and violation of R.C.W.

LAW OFFICES OF
**KELLER ROHRBACK L.L.P.**
1201 THIRD AVENUE, SUITE 3200
SEATTLE, WASHINGTON 98101-3052
TELEPHONE: (206) 623-1900
FACSIMILE: (206) 623-3384

19.86.020 *et seq.* were barred by the CDA where Amazon.com allowed retailers to advertise their products and sell them to customers using its website. *Id.* at 1117-1118. Because Amazon.com merely displayed content that was provided by a third party, it was immune from the state law claims against it. *Id.*

Like Amazon.com, Google displays content provided by third parties like LeatherUp.com. As such, Soaring Helmet's tortious interference with economic advantage and state law unfair competition claims—the same type dismissed in *Corbis*—are barred by 47 U.S.C. § 230(c)(1) and should be dismissed.

## C. ALTERNATIVELY, COUNT IV FAILS BECAUSE SOARING HELMET HAS NOT ALLEGED FACTS SUFFICIENT TO SUPPORT A CLAIM FOR TORTIOUS INTERFERENCE

Even if not barred by the CDA, Count IV should be dismissed because "'it appears beyond doubt that the plaintiff can prove no set of facts to support the claim that would entitle the plaintiff to relief.'" *Gregoire v. Rumsfeld*, 463 F.Supp.2d 1209, 1218 (W.D. Wash. 2006) (quoting *Keniston v. Roberts*, 717 F.2d 1295, 1300 (9th Cir. 1983)). Soaring Helmet has not alleged the elements of a claim of tortious interference with prospective economic advantage, which consist of "(1) existence of [a] valid contractual relationship or business expectancy; (2) defendants' knowledge of that relationship; (3) intentional interference inducing or causing breach or termination of [the] relationship or expectancy; (4) defendants' interference for an improper purpose or use of improper means; and (5) resultant damage." *Scott v. City of Seattle*, 99 F.Supp.2d 1263, 1269 n.7 (W.D. Wash. 1999) (citing *Leingang v. Pierce County Med. Bureau, Inc.*, 131 Wash.2d 133, 157 (1997) (en banc)).

Soaring Helmet is legally incorrect that its "right to obtain prospective customers constitutes a valid business expectancy." Complaint, ¶ 8.2. Such a general allegation does not satisfy the required showing of "a specific relationship between [the plaintiff] and identifiable third parties." *Pacific Northwest Shooting Park Assn. v. City of Sequim*, 158 Wash.2d 342, 352-53 n.2 (2006). A plaintiff "must show that the future opportunities and profits are a reasonable

LAW OFFICES OF
**KELLER ROHRBACK L.L.P.**
1201 THIRD AVENUE, SUITE 3200
SEATTLE, WASHINGTON 98101-3052
TELEPHONE: (206) 623-1900
FACSIMILE: (206) 623-3384

expectation and not based on merely wishful thinking." *Sea-Pac Co., Inc. v. United Food and Commercial Workers Local Union 44*, 103 Wash.2d 800, 805 (1985). Soaring Helmet's allegation that "at least one retailer refused to do business with Soaring Helmet due to the fact that the Leatherup.com advertisement incorrectly stated that Leatherup.com sells Soaring Helmet's products at a deep discount," Complaint, ¶ 4.8, is wholly lacking in specificity and identifiable third parties.

Soaring Helmet also does not allege facts establishing that Google had any knowledge of the purported business expectancy when it acted. *E.g., Fisher v. Parkview Properties, Inc.*, 71 Wash. App. 468, 480 (1993) (holding that defendant was not aware of plaintiff's contractual relationship when filing for a temporary restraining order and thus was not liable for tortious interference). Soaring Helmet has not asserted that Google knew about the existence of the relationship with the unnamed entity whose business Soaring Helmet allegedly lost. Nor does it even allege that Google knew the identity of this unnamed entity. *See, e.g.,* Complaint, ¶ 4.9, Ex. D (letter informing Google of the purported fact of the lost relationship without identifying the retailer in question). The conclusory assertion that "Defendants had knowledge of Soaring Helmet's business expectancy," *id.* ¶ 8.3, is nothing more than "'a formulaic recitation of the elements of a cause of action,'" which is insufficient to state a claim. *Kingsberry v. Chicago Title Ins. Co.*, 586 F.Supp. 2d 1242, 1245 (W.D. Wash. 2008) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007)).

Nor are Soaring Helmet's allegations for the element of intentional interference legally sufficient. Interference is intentional if "'the actor desires to bring it about or if he knows that the interference is certain or substantially certain to occur as a result of his action.'" *Seabury & Smith, Inc. v. Payne Financial Group, Inc.*, 393 F.Supp.2d 1057, 1064 (E.D. Wash. 2005) (quoting *Newton Ins. Agency & Brokerage, Inc. v. Caledonian Ins. Group, Inc.*, 114 Wash. App. 151, 158 (2002)). Unsurprisingly, given the Complaint's admission that Google was not informed of the sole specified (albeit unidentified) lost relationship until after it was lost,

LAW OFFICES OF
**KELLER ROHRBACK L.L.P.**
1201 THIRD AVENUE, SUITE 3200
SEATTLE, WASHINGTON 98101-3052
TELEPHONE: (206) 623-1900
FACSIMILE: (206) 623-3384

Complaint, ¶ 4.9, Ex. D, Soaring Helmet does not allege how Google could have acted to intentionally interfere with or destroy that relationship. *Id.* ¶ 8.4. Indeed, Soaring Helmet's bare allegation of intent is undermined by its own allegations. It admits that, upon receiving Soaring Helmet's request to remove LeatherUp.com's advertisement referencing "Vega helmets," Google promptly did so. *Id.* ¶ 4.10. Accordingly, the element of intent is not adequately pled.

Because Soaring Helmet fails to allege sufficient facts to support the elements of a claim of tortious interference, nor could it in good faith, Count IV should be dismissed with prejudice.

## IV. CONCLUSION

For the foregoing reasons, the Court should grant Google's motion to dismiss Counts II, III, and IV of Soaring Helmet's Complaint.

DATED this 17th day of August, 2009.

> QUINN EMANUEL URQUHART OLIVER AND HEDGES, L.L.P.
> Margret M. Caruso, CASBA #243473
> 55 Twin Dolphin Drive, Suite 560
> Redwood Shores, CA 94065
> (650) 810-5101
> margretcaruso@quinnemanuel.com
>
> Attorneys for Defendant Google, Inc.
>
> KELLER ROHRBACK L.L.P.
>
> Karin B. Swope, WSBA #24015
> 1201 Third Avenue, Suite 3200
> Seattle, WA 98101
> (206) 623-1900
> (206) 623-3384 (FAX)
> kswope@kellerrohrback.com
>
> By /s/
>
> Attorneys for Defendant Google, Inc.

LAW OFFICES OF
**KELLER ROHRBACK L.L.P.**
1201 THIRD AVENUE, SUITE 3200
SEATTLE, WASHINGTON 98101-3052
TELEPHONE: (206) 623-1900
FACSIMILE: (206) 623-3384

## CERTIFICATE OF SERVICE

I, Karin B. Swope, certify that, on August 17, 2009, I caused the foregoing **GOOGLE INC.'S MOTION TO DISMISS COUNTS II, III, AND IV OF THE COMPLAINT** to be filed with the Clerk of the Court via the CM/ECF system, which will deliver notification of filing to all counsel of record.

By : \s\
Karin B. Swope
KELLER ROHRBACK L.L.P.
1201 Third Avenue, Suite 3200
Seattle, WA 98101
Tel: (206) 623-1900
Fax: (206) 623-3384
kswope@kellerrohrback.com

(2:09-cv-00789-JLR) Page - 12

LAW OFFICES OF
**KELLER ROHRBACK L.L.P.**
1201 THIRD AVENUE, SUITE 3200
SEATTLE, WASHINGTON 98101-3052
TELEPHONE: (206) 623-1900
FACSIMILE: (206) 623-3384