UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| SOARING HELMET CORPORATION, a Washington corporation,,<br><br>　　　　　　　　　　Plaintiff,<br><br>　　v.<br><br>NANAL, INC., d/b/a/ LEATHERUP.COM, a Nevada corporation, and GOOGLE, INC., a Delaware corporation.,<br><br>　　　　　　　　　　Defendant. | No. 2:09-cv-00789-JLR<br><br>**GOOGLE INC.'S RESPONSE TO PLAINTIFF'S PROPOSED ORDER FOR DEFAULT JUDGMENT AGAINST NANAL, INC.** |

## GOOGLE'S RESPONSE TO PLAINTIFF'S PROPOSED ORDER FOR DEFAULT JUDGMENT AGAINST NANAL, INC.

Google Inc. ("Google") responds to Plaintiff Soaring Helmet Corporation's ("Soaring Helmet") Proposed Order for Default Judgment against Nanal, Inc., d/b/a/ Leatherup.com ("Leatherup.com"), filed October 1, 2009. In its proposed order, Soaring Helmet requested a permanent injunction against "Nanal, Inc. and their agents, servants, employees and all others in active concert or participation with them" restraining and enjoining them from "the purchase or other use in any manner of Plaintiff's trademarks in false and misleading advertisements,

(2:09-cv-00789-JLR) Page - 1

LAW OFFICES OF
**KELLER ROHRBACK L.L.P.**
1201 THIRD AVENUE, SUITE 3200
SEATTLE, WASHINGTON 98101-3052
TELEPHONE: (206) 623-1900
FACSIMILE: (206) 623-3384

including on the Google, Inc. search engine as well as any other internet search engines." Proposed Order, ¶ d.

Google objects to any permanent injunction entered that would apply to Google's AdWords service. Such an injunction is neither necessary nor appropriate in these circumstances. Courts should issue a permanent injunction only in extreme circumstances, when a party demonstrates that it has suffered an irreparable injury, there are no adequate remedies at law, the balance of hardships warrant a remedy in equity, and the public interest would not be disserved. *Northern Cheyenne Tribe v. Norton*, 503 F.3d 836, 843 (9th Cir. 2007). Here, if any past harm did occur, damages are a sufficient remedy. Further, to request a permanent injunction, there must be a "demonstrated probability" that the party will be harmed again. *Nelsen v. King County*, 895 F.2d 1248, 1250 (9th Cir. 1990). A permanent injunction should not be issued when, as here, there is no ongoing conduct and no threat of further conduct. *See*, *e.g.*, *Quechan Tribe of Indians v. Rowe*, 531 F.2d 408, 410 (9th Cir. 1976) ("The prime prerequisite for injunctive relief is the threat of irreparable future harm."); *see also Volkswagenwek Aktiengesellschaft v. Church*, 411 F.2d 350, 352 (9th Cir. 1969) (upholding the district court's refusal to issue an injunction on the grounds that the defendant abandoned his infringement in good faith and there was no indication it would be resumed).

Google vigorously disputes the claim that any harm was caused by Leatherup.com bidding on keywords in the AdWords program. Even if it were, however, an injunction is unnecessary and inappropriate because the allegedly harmful activity no longer occurs. Leatherup.com no longer bids on "Vega," "Vega helmets," or any other combination of terms containing the word "Vega." Declaration of Julie Brazitis dated October 2, 2009, submitted herewith, ¶ 3. As a result, Leatherup.com's advertisements no longer appear as Sponsored Links when a user enters those search terms. *Id.* Indeed, in or around August 2009, Leatherup.com specifically modified its advertising settings to have its advertisements *not* appear when "Vega"

LAW OFFICES OF
KELLER ROHRBACK L.L.P.
1201 THIRD AVENUE, SUITE 3200
SEATTLE, WASHINGTON 98101-3052
TELEPHONE: (206) 623-1900
FACSIMILE: (206) 623-3384

is searched, either alone or in combination with any other word. *Id*. Accordingly, no ongoing conduct or threat of future conduct that could potentially harm Soaring Helmet is occurring.

For the foregoing reasons, any Order of Default Judgment against Leatherup.com should not include a permanent injunction.

DATED this 6th day of October, 2009.

>QUINN EMANUEL URQUHART OLIVER AND HEDGES, L.L.P.
>    Margaret M. Caruso, CASBA #243473
>    55 Twin Dolphin Drive, Suite 560
>    Redwood Shores, CA 94065
>    (650) 810-5101
>    margretcaruso@quinnemanuel.com
>
>Attorneys for Defendant Google, Inc.
>
>KELLER ROHRBACK L.L.P.
>
>    Karin B. Swope, WSBA #24015
>    1201 Third Avenue, Suite 3200
>    Seattle, WA 98101
>    (206) 623-1900
>    (206) 623-3384 (FAX)
>    kswope@kellerrohrback.com
>
>By \s\ Karin B. Swope
>
>   Attorneys for Defendant Google Inc.

(2:09-cv-00789-JLR) Page - 3

LAW OFFICES OF
**KELLER ROHRBACK L.L.P.**
1201 THIRD AVENUE, SUITE 3200
SEATTLE, WASHINGTON 98101-3052
TELEPHONE: (206) 623-1900
FACSIMILE: (206) 623-3384

# CERTIFICATE OF SERVICE

I, Karin B. Swope, certify that on October 6, 2009, I cause the following **GOOGLE INC.'S RESPONSE TO PLAINTIFF'S PROPOSED ORDER FOR DEFAULT JUDGMENT** and **GOOGLE INC.'S REPRESENTATIVE JULIE BRAZITIS DECLARATION** to be filed with the Clerk of the Court via the CM/ECF system, which will deliver notification of filing to all counsel of record.

DATED this 6th day of October, 2009.

    \s\ Karin B. Swope
Karin B. Swope
KELLER ROHRBACK L.L.P.
1201 Third Avenue, Suite 3200
Seattle, WA 98101
(206) 623-1900
(206) 623-3384 (FAX)
kswope@kellerrohrback.com

(2:09-cv-00789-JLR) Page - 4

LAW OFFICES OF
**KELLER ROHRBACK L.L.P.**
1201 THIRD AVENUE, SUITE 3200
SEATTLE, WASHINGTON 98101-3052
TELEPHONE: (206) 623-1900
FACSIMILE: (206) 623-3384