The Honorable James L. Robart

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| SOARING HELMET CORPORATION, a Washington corporation,<br><br>Plaintiff,<br><br>v.<br><br>NANAL, INC., d/b/a LEATHERUP.COM, a Nevada corporation, and GOOGLE INC., a Delaware corporation,<br><br>Defendants. | No. C09-789-JLR<br><br>MOTION OF DEFENDANT NANAL, INC. TO SET ASIDE DEFAULT<br><br>NOTE ON MOTION CALENDAR: October 23, 2009<br><br>**ORAL ARGUMENT REQUESTED** |

## I.  RELIEF REQUESTED

For good cause, Defendant Nanal, Inc. ("Defendant" or "Nanal") moves to set aside the default entered against it by the Clerk on Friday, October 2, 2009.

## II.  FACTUAL BACKGROUND

This is an action for trademark infringement under 15 U.S.C. § 1114, false designation of origin, false advertising and unfair competition under Section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a), unfair competition under the Washington Consumer Protection Act, RCW 19.86, and tortious interference with prospective economic advantage.

In the operative portion of its Amended Complaint, Plaintiff Soaring Helmet Corporation ("Soaring Helmet" or "Plaintiff") alleges that Defendant Google Inc. ("Google"), operator of the widely used Internet search engine, sells advertisements that appear next to "organic listings" –

MOTION OF DEFENDANT NANAL TO
SET ASIDE DEFAULT (C09-789-JLR) - 1
{88566.DOC}

HENDRICKS & LEWIS PLLC
901 Fifth Avenue, Suite 4100
Seattle, Washington 98164
TEL: (206) 624-1933

results that are generated by user searches and that list websites relevant to the user's search terms. These advertisements appear as "Sponsored Links." Plaintiff alleges that Google sold to Nanal, d/b/a Leatherup.com, the right to be listed in the "Sponsored Links" appearing alongside organic listings when users search for "VEGA helmets." (Amended Complaint ¶¶ 4.4-4.5.) Plaintiff alleges that VEGA is the registered trademark of Soaring Helmet. (Amended Complaint ¶ 4.2.)

Soaring Helmet alleges that in April 2009 it discovered that when the search "VEGA Helmets" is searched on the Google search engine, an advertisement appeared stating that Leatherup.com offered "50% off Vega Helmets." As reflected in Exhibit B to the Amended Complaint, under the heading "50 % Off Vega Helmets" the following language appears: "www.LeatherUp.com Half face, full face helmets from $29.95, Top Brands HJC, Shoei, Bell." (Amended Complaint ¶ 4.6, Ex. B.)

The action is in its very early stages. Plaintiff's original complaint was filed on June 9, 2009. Plaintiff filed an Amended Complaint on July 27, 2009, before any responsive pleadings were filed. Nanal was served with the Amended Complaint on August 6, 2009, through its registered agent in Las Vegas, Nevada. The case is set for jury trial on January 31, 2011. (Minute Order Setting Trial Date and Related Dates, Docket No. 14 ("Minute Order") at p. 1.) Discovery is to be completed by October 4, 2010. (Minute Order at p. 1.) Amended pleadings are not due until August 4, 2010. (Minute Order at p. 1.)

On April 28, 2009, before filing this action, Soaring Helmet sent a cease and desist letter to Leatherup.com demanding that it "immediately remove any reference to the [VEGA] Mark from any false and misleading sponsored listing advertisements" by May 8 or Soaring Helmet would pursue "whatever action or remedies it deem[ed] appropriate." (Declaration of Heather M. Morado in Support of Motion for Entry of Default ("Morado Decl.") ¶ 2, Exh. A at p. 24.) Nanal promptly took steps to address the concerns of Soaring Helmet. It modified the LeatherUp.com online advertising so that it did not appear as sponsored links with "VEGA,"

MOTION OF DEFENDANT NANAL TO
SET ASIDE DEFAULT (C09-789-JLR) - 2
{88566.DOC}

HENDRICKS & LEWIS PLLC
901 Fifth Avenue, Suite 4100
Seattle, Washington 98164
TEL: (206) 624-1933

"Vega Helmets" or "Vega" with any other word combination. (Declaration of Albert Bootesaz in Support of Motion of Defendant Nanal, Inc. to Set Aside Default ("Bootesaz Decl.") ¶ 4.)

In its Amended Complaint, Soaring Helmet alleged that when a user searches for "VEGA Helmets" on Google's search engine that "the Leatherup.com advertisement still appears in Google's sponsored listings." (Amended Complaint ¶ 4.10.) The modified advertisement that appeared read as follows: "www.LeatherUp.com Half face, full face helmets from $29.95, Top Brands HJC, Shoei, Bell" under a heading "50% Of [sic] Motorcycle Helmets." There is no reference to VEGA in the sponsored link. (Amended Complaint ¶ 4.10, Ex. E.)

In August 2009, Nanal further modified its Google AdWords campaign to incorporate the instruction "not Vega" so that Nanal's advertisements do not appear when "Vega" is searched alone or together with some other word. (Bootesaz Decl. ¶ 5; *see also* Declaration of Julie Brazitis, Docket No. 25, ¶ 3.)

On August 17, 2009, Google filed a motion to dismiss Counts II, III and IV of the Amended Complaint. Soaring Helmet requested that Google renotice the motion so that "Soaring Helmet may have the opportunity to discuss settlement with Defendant Nanal, Inc., in the hopes of resolving this action." (Stipulation and Order for Briefing Schedule on Google Inc.'s Motion to Dismiss Counts II, III and IV of the Complaint, Docket No. 15, at p. 1.) Soaring Helmet even "agreed not to begin working on its opposition to the motion to dismiss before September 21, 2009." (*Id.*) The motion was renoted for October 16, 2009, with Soaring Helmet's opposition to the motion due October 8, 2009.

In the interim, the parties were discussing settlement. Nanal's counsel, Shahrouk Mokhtarzadeh, a member of the California but not Washington bar, requested and was granted by Plaintiff's counsel an extension of time to respond to Plaintiff's complaint in light of the parties' settlement discussions and his attempts to retain local counsel for Defendant. (Declaration of Shahrokh Mokhtarzadeh in Support of Motion of Defendant Nanal, Inc. to Set Aside Default ("Mokhtarzadeh Decl.") ¶¶ 1-3, 7, 10.) Soaring Helmet's counsel became dissatisfied with the pace of discussions and on September 14, 2009, wrote to Mr. Mokhtarzadeh

MOTION OF DEFENDANT NANAL TO
SET ASIDE DEFAULT (C09-789-JLR) - 3
{88566.DOC}

to inquire about the status and to demand a response by September 15 or Soaring Helmet would proceed with the lawsuit and "immediately" request an order of default. (Morado Decl. ¶ 6, Exh. C.) But Mr. Mokhtarzadeh worked diligently to obtain counsel, understood that he had an extension until October 1, 2009 to find local counsel, spoke with Katherine Hendricks of Hendricks & Lewis on September 29, 2009, and confirmed Nanal's retention of her later that week. (*See* Mokhtarzadeh Decl. ¶¶ 2-12; Declaration of Katherine Hendricks in Support of Motion of Defendant Nanal, Inc. to Set Aside Default ("Hendricks Decl.") ¶ 2.) Unfortunately, Ms. Hendricks was out of the office ill until Monday, October 5, 2009. (Hendricks Decl. ¶ 3.)

Default was entered against Defendant by the Clerk on Friday, October 2, 2009. (Docket No. 22.)

### III. ARGUMENT

#### A. Standards.

Under FED. R. CIV. P. 55(c), the Court has discretion to set aside an entry of default for "good cause." The Ninth Circuit has identified three factors to consider in applying this "good cause" standard: "(1) whether setting aside the entry of default prejudices the plaintiff; (2) whether defendant's culpable conduct led to the default; and (3) whether defendant has a meritorious defense." *Sorto v. Hannegan, Benson & Co.*, No. C08-00189 HRL, 2009 WL 1393063 at * 1 (N.D. Cal. May 14, 2009); *see also TCI Group Life Ins. Plan v. Knoebber*, 244 F.3d 691, 696 (9th Cir. 2001). "The court's discretion is especially broad where, as here, it is entry of default that is being set aside, rather than a default judgment." *Mendoza v. Wight Vineyard Mgmt.*, 783 F.2d 941, 945 (9th Cir. 1986). Thus, where, as here, "there has been *no* merits decision, appropriate exercise of district court discretion . . . requires that the finality interest should give way fairly readily, to further the competing interest in reaching the merits of a dispute." *TCI Group*, 244 F.3d at 696. *See also Schwab v. Bullock's Inc.*, 508 F.2d 353, 355 (9th Cir. 1975) (noting that default judgments are disfavored and emphasizing that "whenever it is reasonably possible, cases should be decided on their merits").

MOTION OF DEFENDANT NANAL TO
SET ASIDE DEFAULT (C09-789-JLR) - 4
{88566.DOC}

HENDRICKS & LEWIS PLLC
901 Fifth Avenue, Suite 4100
Seattle, Washington 98164
TEL: (206) 624-1933

In this case, setting aside the entry of default is appropriate because the default was not the result of culpable behavior on the part of Defendant and the delay was minimal, Defendant has meritorious defenses and any claim of prejudice by Plaintiff cannot outweigh the compelling interest of reaching the merits of this dispute.

### B. Defendant Nanal, Inc. is Not Culpable.

The Ninth Circuit has held that a defendant's conduct was culpable "where there is no explanation of the default inconsistent with a devious, deliberate, willful, or bad faith failure to respond." *TCI Group*, 244 F.3d at 698. Thus,

> [n]eglectful failure to answer as to which the defendant offers a credible, good faith explanation negating any intention to take advantage of the opposing party, interfere with judicial decisionmaking, or otherwise manipulate the legal process is not "intentional" under our default cases, and is therefore not *necessarily*—although it certainly may be, once the equitable factors are considered—culpable or inexcusable.

*TCI Group*, 244 F.3d at 697-98.

Here, the facts do not support the conclusion that Defendant's conduct was culpable under this definition. After learning of Plaintiff's lawsuit, Defendant's California counsel, Shahrokh Mokhtarzadeh, attempted to contact Plaintiff's counsel and ultimately spoke with her on or about August 24. (Mokhtarzadeh Decl. ¶¶ 2-3.) At that time, he notified Plaintiff's counsel that Defendant would be opposing Plaintiff's claim and would be attempting to obtain local counsel but that Defendant was also prepared to pursue settlement discussions with Plaintiff. (Mokhtarzadeh Decl. ¶ 3.) Mr. Mokhtarzadeh began investigating and attempting to interview various lawyers and law firms in Washington but these efforts were significantly hampered by the unavailability of many of the attorneys due to vacations or other commitments in late August and early September. (Mokhtarzadeh Decl. ¶¶ 4-6.) In light of this fact and the parties' interest in pursuing settlement discussions, at the request of Mr. Mokhtarzadeh, Plaintiff's counsel agreed to extend the time for Defendant to respond to Plaintiff's Amended Complaint. (Mokhtarzadeh Decl. ¶ 7.)

MOTION OF DEFENDANT NANAL TO
SET ASIDE DEFAULT (C09-789-JLR) - 5
{88566.DOC}

Hendricks & Lewis PLLC
901 Fifth Avenue, Suite 4100
Seattle, Washington 98164
TEL: (206) 624-1933

On or about September 14 through September 20, 2009, the parties communicated regarding the possible terms of a proposed settlement agreement. (Mokhtarzadeh Decl. ¶ 9.) Although the parties reached an impasse on settlement, at that time, Mr. Mokhtarzadeh informed Plaintiff's counsel that he would need additional time to obtain local counsel for Defendant. (Mokhtarzadeh Decl. ¶ 9.) Plaintiff's counsel told him that an extension of time for that purpose was not an issue. (Mokhtarzadeh Decl. ¶ 9.) In light of this response, Mr. Mokhtarzadeh focused solely on interviewing potential local counsel, which unexpectedly became a time consuming task. Therefore, he asked for, and Plaintiff's counsel agreed to, a further extension of time for Defendant to respond to October 1, 2009. (Mokhtarzadeh Decl. ¶ 10.)

Because of prior commitments, Mr. Mokhtarzadeh was unable to complete the process of retaining local counsel for Defendant until approximately October 1 or 2, 2009. (Mokhtarzadeh Decl. ¶ 12.) For example, the week of September 21, Mr. Mokhtarzadeh attended a two-day conference at UCLA's School of Anderson in connection with the Executive MBA program and he was out of the office on September 28 for Yom Kippur. (Mokhtarzadeh Decl. ¶ 11.) However, after reducing the list of possible local counsel to three lawyers, Mr. Mokhtarzadeh obtained the consent of Defendant to retain Hendricks & Lewis as Defendant's local counsel, which representation was confirmed with Hendricks & Lewis on October 1, 2009. (Mokhtarzadeh Decl. ¶¶ 11-12.) Promptly after being retained, Hendricks & Lewis filed a notice of appearance in the action and began preparation of the present motion.

Thus, in light of these facts, there is no evidence that Defendant's conduct was culpable. *See Mendoza*, 783 F.2d at 946 (concluding that although the evidence that defendants were confused about service was "less than compelling," the district court did not err in setting aside default in light of the other factors); *Sorto*, 2009 WL 1393063 at *1-2 (concluding that defendant's neglect was not culpable because, although defendant did not seek advice of counsel after being served with the complaint and incorrectly assumed that the plaintiff had dropped the lawsuit after plaintiff's counsel did not respond to a letter expressing an interest in settlement, the conduct was not indicative of "willful, deliberate, devious or bad faith" in defendant's failure to

MOTION OF DEFENDANT NANAL TO
SET ASIDE DEFAULT (C09-789-JLR) - 6
{88566.DOC}

HENDRICKS & LEWIS PLLC
901 Fifth Avenue, Suite 4100
Seattle, Washington 98164
TEL: (206) 624-1933

respond). To the contrary, Plaintiff was aware that Defendant intended to oppose Plaintiff's complaint and was attempting to obtain local counsel.[1] Although Defendant readily acknowledges that it was unable to meet the October 1st deadline for responding, the delay of a matter of days cannot be said to prejudice Plaintiff to any meaningful degree in comparison to the extreme harm to Defendant of being unable to defend against Plaintiff's claims.

### C. Defendant Nanal, Inc. Has Meritorious Defenses.

Even at this early stage in the proceeding before Defendant has had an opportunity to obtain discovery, the presence of meritorious defenses further supports setting aside the entry of default in favor of allowing resolution of this matter on the merits.

All of Plaintiff's claims, however titled, sound in trademark law and are specifically based upon Google's AdWords service, which according to Plaintiff's allegations allows advertisers to purchase trademarked keywords that when searched will trigger the advertiser's ads to appear alongside the so-called "organic listing" of the user's search results. Although some courts faced with the issue have held that such use of trademarked keywords can constitute "use in commerce" for purposes of the Lanham Act, liability for keyword advertising remains a developing area of law including the defenses available to a defendant such as nominative fair use.[2] *See, e.g., Rescuecom Corp. v. Google Inc.*, 562 F.3d 123, 127-31 (2d Cir. 2009); *Finance Express LLC v. Nowcom Corp.*, 564 F. Supp. 2d 1160, 1172-73 (C.D. Cal. 2008). This fact is arguably reflected in the number of relatively new, pending cases that implicate similar issues regarding Google's AdWords program. *See, e.g., Flowbee Int'l, Inc., et al. v. Google, Inc.*, No. 09-00199 (S.D. Tex., filed August 13, 2009); *Rosetta Stone Ltd. v. Google Inc.*, No. 09-00736-GBL-TCB (E.D. Va., filed July 10, 2009). Thus, Defendant should be allowed to vigorously

---

[1] CR 7(b)(1) requires that "[a]ll motions shall include in the caption (immediately below the title of the motion) the date the motion is to be noted for consideration upon the court's motion calendar," and under CR 7(d)(1), motions for default are to be noted for consideration the day they are filed. Plaintiff's motion for entry of default did not reflect the date the motion was to be noted for consideration. Noting information would have given Defendant notice of the date for decision and would have alerted Nanal of the need to find alternative counsel.

[2] And for that reason, a full exploration of the issue is far beyond the scope of this motion.

MOTION OF DEFENDANT NANAL TO
SET ASIDE DEFAULT (C09-789-JLR) - 7
{88566.DOC}

HENDRICKS & LEWIS PLLC
901 Fifth Avenue, Suite 4100
Seattle, Washington 98164
TEL: (206) 624-1933

defend against liability for its use of Google's AdWords program, particularly given other defenses available to Defendant as discussed below.

Defendant also still has a valid defense that the alleged "use" of the VEGA mark by purchasing it as a keyword through Google's AdWords program was not likely to cause consumer confusion or mistake. Thus, even disregarding the fact that liability for keyword advertising is a relatively unexplored area of the law, Plaintiff is still required to demonstrate the traditional likelihood of confusion based on the multi-factor test in the Ninth Circuit applicable to Plaintiff's claim for trademark infringement, false designation of origin, false advertising and unfair competition under Section 43(a), and unfair competition under the Washington Consumer Protection Act. *See, e.g., Murray v. Cable Nat'l Broad. Co.*, 86 F.3d 858, 860 (9th Cir. 1996) (eight factor test to determine likelihood of confusion applies to trademark infringement and false designation of origin claims under the Lanham Act); *Express Lane Ltd. P'ship v. Lanes*, No. CS-90-0257-JBH, 1990 WL 199310 at *7 (E.D. Wash. Dec. 7, 1990) (likelihood of confusion in a trademark infringement case meets the required effect on public interest element of a claim for violation of the Washington Consumer Protection Act). In addition, in the unique context of this case, at least one court in the First Circuit has identified a number of additional possible factors that would shed light on Defendant's defense that there is no likelihood of confusion under the facts of this case. *See, e.g., Hearts on Fire Company, LLC v. Blue Nile, Inc.*, 603 F. Supp. 2d 274, 289 (D. Mass. 2009) (noting that the likelihood of confusion "will ultimately turn on what the consumer saw on the screen and reasonably believed, given the context" and identifying several possible elements of this "content and context"). But even under the traditional likelihood of confusion analysis, Defendant has legitimate defenses including the absence of any initial interest confusion or deception in the mere alleged use of the term "VEGA" as a keyword in Google's AdWords program. *See, e.g., Designer Skin, LLC v. S&L Vitamins, Inc.*, 560 F. Supp. 2d 811, 818-19 (D. Ariz. 2008) (stating that the mere fact that a trademark owner's marks were used in metatags on a website and as search-engine keywords did not result in initial interest confusion rather the owner must show that the uses were deceptive).

MOTION OF DEFENDANT NANAL TO
SET ASIDE DEFAULT (C09-789-JLR) - 8
{88566.DOC}

HENDRICKS & LEWIS PLLC
901 Fifth Avenue, Suite 4100
Seattle, Washington 98164
TEL: (206) 624-1933

Defendant also has a valid defense to Plaintiff's claim that Defendant has acted willfully in violation of Plaintiff's alleged rights in the VEGA mark and is therefore entitled to treble damages and its reasonable attorneys' fees. (*See* Amended Complaint ¶¶ 5.11, 5.13, 5.14, 6.8, 6.9, 7.7, 7.8.) As the declaration of Defendant's President, Albert Bootesaz, demonstrates, Defendant took prompt action to address the complaints of Plaintiff by first modifying its online advertising so that it did not appear in proximity to the "VEGA" mark and by later modifying the settings so that Defendant's advertising does not appear when "VEGA" is searched alone or together with any other word.[3] (Bootesaz Decl. ¶¶ 4-5; *see also* Declaration of Julie Brazitis, Docket No. 25, ¶ 3.) As a result, Defendant has a meritorious defense to Plaintiff's claim of willfulness.

With respect to Plaintiff's tortious interference with prospective economic advantage claim, as Google Inc.'s Motion to Dismiss Counts II, III, and IV of the Complaint, Docket No. 12, demonstrates, there are serious issues with this claim that Defendant should be allowed to pursue in its defense. To establish that claim, Plaintiff will be required to prove five elements:

> (1) the existence of a valid contractual relationship or business expectancy; (2) that defendants had knowledge of that relationship; (3) an intentional interference inducing or causing a breach or termination of the relationship or expectancy; (4) that defendants interfered for an improper purpose or used improper means; and (5) resultant damage.

*Pac. Northwest Shooting Park Ass'n v. City of Sequim*, 158 Wn.2d 342, 351, 144 P.3d 276 (2006) (quoting *Leingang v. Pierce County Med. Bureau, Inc.*, 131 Wn.2d 133, 157, 930 P.2d 288 (1997)). But Plaintiff fails to identify any specific relationships with identifiable third parties and instead refers vaguely to one unnamed retailer who allegedly refused to do business with Plaintiff "due to" Defendant's old advertisement. (Amended Complaint ¶ 4.8.) Such a vague assertion cannot be sufficient to establish a tortious interference claim. *See Pac. Northwest Shooting Park*, 158 Wn.2d at 352-53, n.2 (stating that the plaintiff in a tortious interference claims was required to "show a specific relationship between it and identifiable third parties").

---

[3] This evidence also raises serious doubts as to any allegation of injury purportedly suffered by Plaintiff.

MOTION OF DEFENDANT NANAL TO
SET ASIDE DEFAULT (C09-789-JLR) - 9
{88566.DOC}

HENDRICKS & LEWIS PLLC
901 Fifth Avenue, Suite 4100
Seattle, Washington 98164
TEL: (206) 624-1933

In addition, the "intentional interference" element requires "an improper objective or the use of wrongful means that in fact cause injury to the person's contractual relationship." *Leingang*, 131 Wn.2d at 157. But interference for an improper purpose must be "wrongful by some measure beyond the interference itself, such as a statute, regulation, recognized rule of common law, or an established standard of trade or profession." *Newton Ins. Agency v. Caledonian Ins. Group, Inc.*, 114 Wn. App. 151, 158, 52 P.3d 30 (2002). As discussed briefly above, however, there is a valid question whether Defendant's use of Google's AdWords program was motivated by an improper objective or constituted "wrongful means," particularly in light of Defendant's prompt response to Plaintiff's complaints. (*See* Bootesaz Decl. ¶¶ 4-5.)

D.  **Plaintiff Soaring Helmet Corp. Will Not Be Prejudiced.**

Soaring Helmet will not be prejudiced. Nanal has already ceased the behavior of which Soaring Helmet complains; Soaring Helmet is not bidding on "Vega" in connection with Google's AdWords program.

Setting aside the default will not require any change in the case schedule set by the Court in its Minute Order Setting Trial Date and Related Dates. The motion of Defendant Google Inc. to Dismiss Counts II, III and IV of the Complaint is pending and noted for hearing on October 16, 2009. The trial in this matter is set for January 31, 2011, discovery deadlines are nearly one year away, and settlement conference and mediation deadline are on December 2, 2010 and January 3, 2011, respectively. In addition, Defendant is prepared to file a response to Plaintiff's Amended Complaint promptly upon the Court's ruling on this Motion.

Moreover, in contrast to the absence of any significant prejudice to Plaintiff if the entry of default is set aside, Defendant faces extreme prejudice. Although Plaintiff's Amended Complaint does not specify the amount of damages it seeks, Plaintiff is claiming treble damages and its attorneys' fees in connection with this action. (Amended Complaint ¶¶ 5.11, 5.13, 5.14, 6.8, 6.9, 7.7, 7.8.) Thus, in light of this potentially significant prejudice to Defendant and the compelling interest in resolving disputes on their merits where, as here, the Defendant has meritorious defenses, it is eminently appropriate to set aside the entry of default at this early

MOTION OF DEFENDANT NANAL TO
SET ASIDE DEFAULT (C09-789-JLR) - 10
{88566.DOC}

HENDRICKS & LEWIS PLLC
901 Fifth Avenue, Suite 4100
Seattle, Washington 98164
TEL: (206) 624-1933

stage in the proceedings. *See, e.g., Sorto*, 2009 WL 1393063 at *2 (concluding that defendants had shown the possibility of meritorious defenses and faced alleged damages of $100,000, the Court set aside the entry of default based on "the strong policies favoring a decision on the merits").

### E. In the Alternative, the Default Should Be Set Aside for Excusable Neglect.

Excusable neglect is an equitable concept that "takes account of factors such as 'prejudice, the length of the delay and impact on judicial proceedings, the reason for the delay, including whether it was within the reasonable control of the movant, and whether the movant acted in good faith.'" *TCI Group*, 244 F.3d at 696 (quoting *Pioneer Inv. Servs. Co. v. Brunswick Assocs. Ltd. P'Ship*, 507 U.S. 380, 395, 113 S. Ct. 1489, 123 L. Ed. 2d 74 (1993)). This factor overlaps with the issue of culpability: "A showing of lack of culpability sufficient to meet the Rule 55(c) 'good cause' standard is ordinarily sufficient to demonstrate as well the 'excusable neglect' or 'mistake' criteria[.]" *TCI Group*, 244 F.3d at 696.

## IV. CONCLUSION

For the reasons set forth above, Defendant Nanal, Inc.'s motion to set aside the default should be granted.

DATED this 7th day of October, 2009.

    Respectfully submitted,

    HENDRICKS & LEWIS PLLC

    By:   s/ Katherine Hendricks
           Katherine Hendricks
           WSBA No. 14040
           Stacia N. Lay
           WSBA No. 30594
           901 Fifth Avenue, Suite 4100
           Seattle, Washington 98164
           Email: kh@hllaw.com
           Email: sl@hllaw.com
           Telephone: (206) 624-1933
           Facsimile: (206) 583-2716

MOTION OF DEFENDANT NANAL TO
SET ASIDE DEFAULT (C09-789-JLR) - 11
{88566.DOC}

HENDRICKS & LEWIS PLLC
901 Fifth Avenue, Suite 4100
Seattle, Washington 98164
TEL: (206) 624-1933

## PROOF OF SERVICE

I am employed in the County of King, State of Washington. I am over the age of eighteen years and am not a party to the within action. My business address is Hendricks & Lewis PLLC, 901 Fifth Avenue, Suite 4100, Seattle, Washington 98164.

I hereby certify that on October 7, 2009, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following CM/ECF participants:

Stacie Foster, Esq.
Steve Edmiston, Esq.
Heather M. Morado, Esq.
Invicta Law Group, PLLC
1000 Second Avenue, Suite 3310
Seattle, Washington 98104
Telephone: (206) 903-6364
sfoster@invictalaw.com
sedmiston@invictalaw.com
hmorado@invictalaw.com

Attorneys for Plaintiff Soaring Helmet Corporation

Margret M. Caruso, Esq.
Quinn Emanuel Urquhart Oliver & Hedges, LLP
555 Twin Dolphin Drive, Suite 560
Redwood Shores, California 94065
Telephone: (650) 810-5101
margretcaruso@quinnemanuel.com

Karin B. Swope
Keller Rohrback L.L.P.
1201 Third Avenue, Suite 3200
Seattle, Washington 98101
Telephone: (206) 623-1900
kswope@kellerrohrback.com

Attorneys for Defendant Google Inc.

I declare under penalty of perjury under the laws of the State of Washington that the foregoing is true and correct.

Executed October 7, 2009, at Seattle, Washington.

_Lisa Schaefer_
Lisa Schaefer

MOTION OF DEFENDANT NANAL TO
SET ASIDE DEFAULT (C09-789-JLR) - 12
{88566.DOC}

HENDRICKS & LEWIS PLLC
901 Fifth Avenue, Suite 4100
Seattle, Washington 98164
TEL: (206) 624-1933