THE HONORABLE JAMES. J. ROBART

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON AT SEATTLE

| | |
|---|---|
| SOARING HELMET CORPORATION, a Washington corporation,<br><br>Plaintiff,<br><br>v.<br><br>NANAL, INC., a Nevada corporation, d/b/a LEATHERUP.COM<br><br>Defendant. | Cause No. C09-0789 JLR<br><br>RESPONSE TO MOTION OF DEFENDANT NANAL, INC. TO SET ASIDE DEFAULT |

## I. INTRODUCTION

Defendant Nanal, Inc. ("Defendant") repeatedly ignored the Civil Rules, as well as Plaintiff's demands to answer the Complaint. Since Defendant is a sophisticated party that was previously involved in litigation, and consulted with its lawyer during the time period for answer, it surely understood the consequences of disobeying the Civil Rules. Defendant's failure to respond until Plaintiff was forced to move for entry of default, nearly *sixty* days after Defendant's actual notice of the filing this action, was

RESPONSE TO MOTION TO MOTION TO SET ASIDE
DEFAULT – 1

INVICTA LAW GROUP, PLLC
1000 SECOND AVENUE, SUITE 3310
SEATTLE, WA 98104-1019
FAX (206) 903-6365
TEL (206) 903-6364

1840 071 ij190801

Dockets.Justia.com

intentional, culpable, and inexcusable. Thus, the entry of default judgment should not be set aside. In the alternative, if the court chooses to set aside the default, Plaintiff requests an award of its reasonable fees and costs incurred as a result of Defendant's prejudicial and dilatory conduct.

## II. FACTUAL BACKGROUND

Soaring Helmet filed its original complaint on June 9, 2009, incorrectly listing Defendant Leatherup.com as "Bill Me, Inc." Declaration of Heather M. Morado, ("Morado Dec.") ¶ 2, Exhibit A. This error was due to a false representation on the Leatherup.com website. *Id.* Counsel for Bill Me, Inc. contacted counsel for Soaring Helmet, claiming to have no association with the Leatherup.com website, but providing no credible explanation for the misrepresentation. Morado Dec., ¶ 3. Further, the only addresses on the Leatherup.com website were a post office box, and a second address turned out to be a warehouse. Morado Dec., ¶ 4. In order to effectuate proper service of process, Soaring Helmet's attorneys spent a significant amount of time researching the identity of the owners Leatherup.com. Morado Dec., ¶ 5.

Finally, a search of "Leatherup.com" on the Public Access to Court Electronic Records System revealed that Leatherup.com had previously been named a defendant in a copyright infringement suit, and filed a corporate disclosure statement in that case as "Nanal, Inc., a Nevada Corporation" ("Defendant"). Morado Dec., ¶ 5, Exhibit B. Immediately, Soaring Helmet filed an amended complaint and served Defendant via its registered agent on August 6, 2009.

RESPONSE TO MOTION TO MOTION TO SET ASIDE DEFAULT – 2

INVICTA LAW GROUP, PLLC
1000 SECOND AVENUE, SUITE 3310
SEATTLE, WA 98104-1019
FAX (206) 903-6365
TEL (206) 903-6364

1840 071 ij190801

Soaring Helmet did not hear a word from Defendant until two days before its response was due, on August 24, 2009. Morado Dec., ¶ 7. At that time, Shahrokh Mokhtarzadeh, an attorney licensed in California but not in Washington, requested an additional two weeks to respond to Soaring Helmet's Complaint and to obtain local counsel. Motion of Defendant Nanal to Set Aside Default, p. 3, lines 21-22. Soaring Helmet generously granted the two-week extension, and during that period, attempted to engage Defendant in good faith settlement negotiations. Morado Dec., ¶¶ 7, 8.

On August 17, 2009, a second defendant, Google, Inc. ("Google") filed a Motion to Dismiss portions of Soaring Helmet's Amended Complaint.[1] Soaring Helmet asked Google to re-note its motion in order to allow Soaring Helmet to pursue settlement negotiations with Nanal. Morado Dec., ¶ 8. Pursuant to the stipulated re-note of the motion, Soaring Helmet agreed not to begin working on its response to Google's motion until September 21, 2009. Morado Dec., ¶ 8. Thus, time was of the essence with regard to any potential settlement since Soaring Helmet would be forced to incur additional fees if it began drafting its response to Google's motion.

On August 26, 2009, Soaring Helmet sent Nanal a settlement demand letter, requesting a response by September 2, 2009. Morado Dec., ¶ 9. Soaring Helmet clearly stated that any potential settlement would need to occur before Soaring Helmet incurred additional fees in responding to Google's motion. *Id.* Defendant never responded to Soaring Helmet's letter. *Id.*

---

[1] Google, Inc. was formerly named a defendant in this action, but was voluntarily dismissed by Plaintiff pursuant to Federal Rule of Civil Procedure 41(a)(1)(A)(i) on October 15, 2009.

RESPONSE TO MOTION TO MOTION TO SET ASIDE DEFAULT – 3

INVICTA LAW GROUP, PLLC
1000 SECOND AVENUE, SUITE 3310
SEATTLE, WA 98104-1019
FAX (206) 903-6365
TEL (206) 903-6364

On September 9, 2009, Defendant's two-week extension to file an answer expired, with still no answer. Morado Dec., ¶ 10. On September 10, 2009, Defense counsel promised to provide a response by September 11, 2009, but yet again, failed to respond. *Id.* On September 14, 2009, Soaring Helmet notified Defendant that if it did not immediately provide a response, Soaring Helmet intended to file a motion for entry of default. Morado Dec., ¶ 11. Yet again, Defendant refused to respond. *Id.* On September 21, 2009, Soaring Helmet notified Defendant via telephone that it intended to file a motion for entry of default, and Defendant still refused to respond. Declaration of Steven W. Edmiston, submitted in Support of Plaintiff's Motion for Entry of Default.

Finally, on September 23, 2009, Soaring Helmet provided Defense counsel with a courtesy copy of its Motion for Entry of Default, stating that it intended to file the Motion against Defendant in five days pursuant to the notice requirements of CR 55(a). Morado Dec., ¶ 12. When the notice period expired, on October 1, 2009, Soaring Helmet had no choice but to file its Motion for Entry of Default. On October 2, 2009, Default was entered by the clerk against Defendant. Soaring Helmet never discussed or consented to an extension until October 1, 2009 to allow Defendant to file a response. Morado Dec., ¶ 13. Finally, sixty days after Defendant was served, on October 5, 2009, Defendant entered a Notice of Appearance, and on October 7, 2009, filed a Motion to Set Aside the Default.

### III. EVIDENCE RELIED UPON

RESPONSE TO MOTION TO MOTION TO SET ASIDE
DEFAULT – 4

INVICTA LAW GROUP, PLLC
1000 SECOND AVENUE, SUITE 3310
SEATTLE, WA 98104-1019
FAX (206) 903-6365
TEL (206) 903-6364

1840 071 ij190801

Plaintiff relies on and incorporates by reference the facts and legal authority contained in Defendant's Motion for Entry of Default, and the pleadings and evidence cited therein, including the Declarations of Heather M. Morado and Steven W. Edmiston.

## IV. APPLICABLE LAW

Federal Rule of Civil Procedure 12(a) gives a defendant twenty days from the date of service of process to answer. If the defendant fails to respond within that time, a default judgment may be entered under Federal Rule of Civil Procedure ("Rule") 55(a). *Direct Mail Specialists, Inc. v. Eclat Computerized Technologies, Inc.*, 840 F.2d 685, 690 (9th Cir. 1988). Under Rule 55(c), a court may set aside an entry of default judgment for "good cause." A court may deny a Rule 55(c) motion, however, if: (1) the defendant's culpable conduct led to the default, (2) the defendant has no meritorious defense, or (3) the plaintiff would be prejudiced if the judgment is set aside.[2] *Pena v. Seguros La Comericial, S.A.*, 770 F.2d 811, 814 (9th Cir. 1985). If a default judgment is entered as a result of a defendant's culpable conduct, the court need not consider whether a meritorious defense was shown, or whether the plaintiff would suffer prejudice if the judgment were set aside. *Id.* at 815.

Defendant's culpability turns on whether or not it received actual or constructive notice of the filing of the action and *intentionally* failed to answer. *Alan Neuman Productions, Inc. v. Albright*, 862 F.2d 1388, 1392 (9th Cir. 1989). A defendant's

---

[2] The same factors used to evaluate "good cause" under Rule 55(c) govern the vacating of a default judgment for "excusable neglect" under Rule 60(b). *TCI Group Life Insurance Plan v. Knoebber*, 244 F.3d 691, 696 (9th Cir. 2001). Thus, case law interpreting circumstances under which a default judgment should be vacated under Rule 60(b) is relevant to evaluating whether to set aside a default under Rule 55(c).

RESPONSE TO MOTION TO MOTION TO SET ASIDE DEFAULT – 5

INVICTA LAW GROUP, PLLC
1000 SECOND AVENUE, SUITE 3310
SEATTLE, WA 98104-1019
FAX (206) 903-6365
TEL (206) 903-6364

1840 071 ij190801

conduct is culpable if it is willful, deliberate, or evidences a bad faith intention to take advantage of the opposing party, interfere with judicial decisionmaking, or otherwise manipulate the legal process. See *TCI Group Life Insurance Plan v. Knoebber*, 244 F.3d 691, 698 (9th Cir. 2001). Defendants may be culpable when they consulted with lawyers, had been previously involved in litigation, appreciated the consequences of failing to answer, but did so only to gain an advantage over the opposing party. See *TCI Group*, 244 F.3d at 699, n.6.

The party requesting that a default be set aside must demonstrate that the interest in deciding the case on the merits should prevail over the very important interest in the finality of judgments. *TCI Group*, 244 F.3d at 696. The party seeking to vacate a default judgment bears the burden of demonstrating that the judgment should be vacated. *Id.*

## ARGUMENT

### A) The Motion to Set Aside the Default Should be Denied because Defendant's Failure to Answer was the Result of Defendant's Culpable Conduct.

In *Meadows v. Dominican Republic,* defendants received actual notice of the complaint, and intentionally failed to answer. 817 F.2d 517, 522 (9th Cir. 1987). Although defendants argued they had acted on the advice of counsel in failing to respond, the court found that this did not absolve defendants of culpability under the circumstances. The court stated that defendants were "aware of the relevant federal law,…fully informed of the legal consequences of failing to respond,…and sufficiently sophisticated and experienced in the requirements of America law to protect [their]

RESPONSE TO MOTION TO MOTION TO SET ASIDE
DEFAULT – 6

INVICTA LAW GROUP, PLLC
1000 SECOND AVENUE, SUITE 3310
SEATTLE, WA 98104-1019
FAX (206) 903-6365
TEL (206) 903-6364

1840 071 ij190801

interests, based on [their] involvement in actions in United States courts." *Id*. Under the circumstances, defendants' default was "intentional, culpable, and inexcusable," and the district court did not abuse its discretion in refusing to set aside the default. *Id.*, See also *Kingvision v. Pay-Per-View Ltd. v. Lake Alice Bar*, 168 F.3d 347, 350 (9th Cir. 1999) (defendants were culpable in failing to answer when they ignored the summons and complaint despite frequent chats with their lawyers during the period for answer); *Benny v. Pipes*, 799 F.2d 489, 494 (9th Cir. 1986) (defendants' failure to answer was culpable when defendants had first filed motions to extend their time to answer, indicating an ability to deal with legal requirements).

In *Pena v. Seguros La Comercial, S.A.*, the defendant had provided its customers and state insurance regulators with an incorrect address, thereby precluding actual notice of the service of process. 770 F.2d 811, 815 (9th Cir. 1985). However, the court found that defendant had constructive notice of the complaint, and refused to set aside the default: "Since [defendant] desires to do business in the state of Arizona it has a duty to comply with the laws of that state. Part of that duty is to keep the Department of Insurance apprised of its correct address. [Defendant] failed to do so, and we find this conduct to be culpable." *Id*. Thus, the court affirmed the district court's refusal to set aside the default. *Id*.

In this case, Defendant had more than constructive notice, but it had *actual* notice of Soaring Helmet's Complaint. Motion of Defendant Nanal to Set Aside Default, p. 2, lines 15-16 ("Nanal was served with the Amended Complaint on August 6, 2009 through its registered agent in Las Vegas, Nevada.") Further, Defendant is a

RESPONSE TO MOTION TO MOTION TO SET ASIDE DEFAULT – 7

INVICTA LAW GROUP, PLLC
1000 SECOND AVENUE, SUITE 3310
SEATTLE, WA 98104-1019
FAX (206) 903-6365
TEL (206) 903-6364

1840 071 ij190801

sophisticated party, previously involved in copyright infringement litigation. Under the circumstances, Defendant understood the consequences of failing to respond to the complaint, but intentionally refused to do so. It defies credulity that defendant needed nearly *sixty days*, three times the permissible amount of time to answer under Rule 12, to obtain local counsel to respond to Soaring Helmet's Complaint. Defendant's claim that it could not obtain local counsel because "many of such attorneys were on vacation" simply does not pass the straight-face test. See Declaration of Shahrokh Mokhtarzadeh, ¶ 6.

Defendant clearly understood the legal ramifications of failing to answer because it had actual notice of the Complaint, subsequently corresponded with its lawyer, and had been involved in previous litigation. Further, Defendant showed bad faith by its false representation on its website that precluded proper service of process, and its continued refusal to answer despite Soaring Helmet's genuine efforts to elucidate a response. Under the circumstances, Defendant's conduct was willful, deliberate, and culpable, and the court should not set aside the Default. Furthermore, since Defendant's conduct was culpable, the court need not determine whether Defendant has a meritorious defense or whether there is any prejudice to Soaring Helmet.[3]

B) **If the Court Sets Aside the Default, Plaintiff Requests that the Court Award Plaintiff its Attorneys Fees and Costs Incurred as a Result of Defendant's Unreasonable Delay.**

---

[3] Soaring Helmet lacks information and belief at this time to make allegations regarding the merit of Nanal's defenses and whether the delay has given Nanal the opportunity to destroy evidence, complicate discovery, or otherwise commit fraud or collusion.

RESPONSE TO MOTION TO MOTION TO SET ASIDE
DEFAULT – 8

INVICTA LAW GROUP, PLLC
1000 SECOND AVENUE, SUITE 3310
SEATTLE, WA 98104-1019
FAX (206) 903-6365
TEL (206) 903-6364

1840 071 ij190801

As a result of Defendant's conduct, Soaring Helmet was forced to incur additional attorney fees in researching the identity of Defendant, filing its Amended Complaint, demanding a proper response to the complaint on numerous occasions, and in finally drafting its Motion for Entry of Default against Defendant. In addition, Soaring Helmet generously gave Defendant 5 days notice of the Motion for Entry of Default notwithstanding the facts that: 1) Defendant had already been notified of Plaintiff's intent to file the Motion for Entry of Default several times; 2) Mr. Mokhtarzadeh never entered a notice of appearance in this case; and 3) Defendant had established a pattern of engaging in bad faith, dilatory behavior. Soaring Helmet had no choice but to file the Motion for Entry of Default under the circumstances. As a result of Defendant's culpable and dilatory conduct, equity supports an award of Soaring Helmet's attorneys fees and costs.

Plaintiff respectfully requests the court to enter judgment for Plaintiff's reasonable attorneys' fees in the amount of $8,456.00. Morado Dec., ¶ 11-16. The costs and fees requested are an extremely conservative allocation of the total costs incurred to date in this matter. Morado Dec., ¶ 16. A proposed order is submitted herewith.

RESPONSE TO MOTION TO MOTION TO SET ASIDE
DEFAULT – 9

INVICTA LAW GROUP, PLLC
1000 SECOND AVENUE, SUITE 3310
SEATTLE, WA 98104-1019
FAX (206) 903-6365
TEL (206) 903-6364

1840 071 ij190801

Complaint, demanding a proper response to the complaint on numerous occasions, and in finally drafting its Motion for Entry of Default against Defendant. In addition, Soaring Helmet generously gave Defendant 5 days notice of the Motion for Entry of Default notwithstanding the facts that: 1) Defendant had already been notified of Plaintiff's intent to file the Motion for Entry of Default several times; 2) Mr. Mokhtarzadeh never entered a notice of appearance in this case; and 3) Defendant had established a pattern of engaging in bad faith, dilatory behavior. Soaring Helmet had no choice but to file the Motion for Entry of Default under the circumstances. As a result of Defendant's culpable and dilatory conduct, equity supports an award of Soaring Helmet's attorneys fees and costs.

Plaintiff respectfully requests the court to enter judgment for Plaintiff's reasonable attorneys' fees in the amount of $8,456.00. Morado Dec., ¶ 11-16. The costs and fees requested are an extremely conservative allocation of the total costs incurred to date in this matter. Morado Dec., ¶ 16. A proposed order is submitted herewith.

RESPECTFULLY SUBMITTED this 19th day of October 2009.

INVICTA LAW GROUP, PLLC

BY: *Heather Morado*
Stacie Foster, WSBA No. 23397
Steve Edmiston, WSBA No. 17136
Heather M. Morado, WSBA No. 35135
Attorneys for Plaintiff Soaring Helmet Corp.

RESPONSE TO MOTION TO MOTION TO SET ASIDE DEFAULT – 9

INVICTA LAW GROUP, PLLC
1000 SECOND AVENUE, SUITE 3310
SEATTLE, WA 98104-1019
FAX (206) 903-6365
TEL (206) 903-6364

1840 071 ij140802

# CERTIFICATE OF SERVICE

I hereby certify that I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following persons/attorneys of record:

Ms. Karin B. Swope
Keller Rohrback, LLC
kswope@kellerrohrback.com

Ms. Margret M. Caruso
Quinn Emanuel Urquhart Oliver & Hedges, LLP
margretcaruso@quinnemanuel.com

Ms. Katherine Hendricks
Hendricks & Lewis, PLLC
901 Fifth Avenue, Suite 4100
Seattle, WA 98164
kh@hllaw.com

Dated this 19th day of October 2009, at Seattle, Washington.

Katy M. Albritton
Legal Assistant

RESPONSE TO MOTION TO MOTION TO SET ASIDE
DEFAULT – 11

INVICTA LAW GROUP, PLLC
1000 SECOND AVENUE, SUITE 3310
SEATTLE, WA 98104-1019
FAX (206) 903-6365
TEL (206) 903-6364

1840 071 ij190801