1
2
3
4
5
6
7        UNITED STATES DISTRICT COURT
         WESTERN DISTRICT OF WASHINGTON
8                   AT SEATTLE
9
    SOARING HELMET                          CASE NO. C09-789JLR
10  CORPORATION,
                                            ORDER
11                      Plaintiff,

12        v.

13  NANAL INC., et al.,

14                      Defendants.

15

16        Before the court is Defendant Nanal, Inc., d/b/a Leatherup.com's ("Nanal")

17  motion to set aside entry of default (Dkt. # 27).  Having reviewed the motion, the

18  response, the reply, and the balance of the record, the court GRANTS Nanal's motion.

19
          Plaintiff Soaring Helmet Corporation ("Soaring Helmet") filed this action against
20
    Defendants Nanal and Google, Inc. on June 9, 2009, alleging trademark infringement,
21
    unfair competition, and tortious interference with prospective economic advantage.
22
23  (Am. Compl. (Dkt. # 8) ¶ 1.1.)  Soaring Helmet and Nanal subsequently commenced

24  settlement discussions.  (Stipulation (Dkt. #15) at 1; Declaration of Shahrokh

25
    Mokhtarzadeh ("Mokhtarzadeh Decl.") (Dkt. # 30) ¶ 7.)  In the interim, Nanal's counsel,
26

Shahrokh Mokhtarzadeh, a member of the California bar, sought local counsel for Nanal. (Mot. at 3.) Based on his need to retain local counsel and on the parties' ongoing settlement discussions, Mokhtarzadeh twice requested and was twice granted by Soaring Helmet a extensions of time to respond. (Mokhtarzadeh Decl. ¶¶ 3-4.) The second extension extended Nanal's response deadline to respond to October 1, 2009. (*Id.* at ¶ 10.)

Mokhtarzadeh had difficulty retaining local counsel due to the unavailability of many attorneys and his own prior commitments. (*Id.* at ¶¶ 4-6, 12.) Thus, he did not speak with Nanal's current local counsel, Katherine Hendricks of Hendricks & Lewis, until September 29, and Nanal did not retain her until October 2. (*Id.* at ¶ 12; Declaration of Katherine Hendricks ("Hendricks Decl.") (Dkt. #28) ¶¶ 2-4.) Hendricks was out of the office due to illness from September 30 to October 5. (Hendricks Decl. ¶ 3.) Consequently, Nanal failed to file a responsive pleading by October 1 and Soaring Helmet filed a motion for entry of default on that date. (Default Mot. (Dkt. # 18) at 1.) The Clerk entered an order of default on October 2, 2009 (Dkt. # 22), which Nanal now moves to set aside.

The district court may set aside an entry of default for "good cause" and has broad discretion to do so. Fed. R. Civ. P. 55(c); *Mendoza v. Wight Vineyard Mgmt.*, 783 F.2d 941, 945 (9th Cir. 1986). In deciding whether to vacate an entry of default, the court considers the following factors: (1) whether the defendant's culpable conduct led to the default; (2) whether the defendant has a meritorious defense; and (3) whether

reopening the default judgment would prejudice the plaintiff. *Franchise Holding II, LLC v. Huntington Restaurants Group, Inc.*, 375 F.3d 922, 925-26 (9th Cir. 2004). Whenever possible, cases should be decided on the merits. *TCI Group Life Ins. Plan v. Knoebber*, 244 F.3d 691, 696 (9th Cir. 2001).

Here, all three consideration factors favor setting aside the entry of default and deciding this case on its merits. First, it is evident that extenuating circumstances, rather than any culpability on Nanal's part, resulted in Nanal's failure to file timely its responsive pleading. Second, Nanal asserted in its motion several seemingly meritorious defenses to Soaring Helmet's claims. (*See* Mot. at 7-10 (listing, as Nanal's defenses: no likelihood of customer confusion or deception; no willful violation of Soaring Helmet's rights; and no sufficient basis to establish a tortious interference claim).) Finally, setting aside the order of default would not prejudice Soaring Helmet. Soaring Helmet filed its motion for default on the date Nanal's response was due, despite its awareness of Nanal's attempts to find local counsel and the parties' settlement discussions. The order of default was entered just one day later. Moreover, the earliest trial-related date is over nine months out. (*See* Minute Order (Dkt. # 14) at 1 (ordering that amended pleadings are due August 4, 2010, completed discovery is due October 4, 2010, and trial is set for January 31, 2011).) Thus, Soaring Helmet has more than sufficient time to prepare for trial despite Nanal's delay.

For the reasons stated herein, the court GRANTS Nanal's motion to set aside default (Dkt. # 27).

Dated this 4th day of November, 2009.

_____
JAMES L. ROBART
United States District Judge