The Honorable James L. Robart

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

SOARING HELMET CORPORATION, a Washington corporation,

Plaintiff,

v.

NANAL, INC., d/b/a LEATHERUP.COM, a Nevada corporation, and GOOGLE INC., a Delaware corporation,

Defendants.

No. C09-789-JLR

ANSWER OF DEFENDANT NANAL, INC. TO PLAINTIFF'S FIRST AMENDED COMPLAINT

Defendant Nanal, Inc. d/b/a Leatherup.com ("Defendant" or "Nanal") answers and otherwise defends as follows:

1.1 Admits that Nanal and Defendant Google Inc. ("Google") are Defendants in this action and otherwise denies the allegations of paragraph 1.1.

1.2 Admits that Plaintiff Soaring Helmet Corporation ("Plaintiff" or "Soaring Helmet") asserts that it is entitled to injunctive and monetary relief in this action under Federal and Washington law and otherwise denies the allegations of paragraph 1.2.

2.1 Lacks knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 2.1, and on that basis denies such allegations.

2.2 Admits that Nanal is a Nevada corporation, does business as Leatherup.com, offers certain products for use by motorcyclists via its website and by telephone and denies any remaining allegations of paragraph 2.2.

ANSWER OF DEFENDANT NANAL, INC. TO
FIRST AMENDED COMPLAINT (C09-789-JLR) - 1
{88590.DOC}

2.3     Admits that Google offers Internet search engine services via a website, and lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations of paragraph 2.3 and on that basis denies such allegations.

3.1     Admits that the Court has original subject matter jurisdiction of Plaintiff's trademark infringement and unfair competition claims arising under the Lanham Act and denies any remaining allegations of paragraph 3.1.

3.2     Admits that the Court has supplemental jurisdiction of Plaintiff's Washington state law claims and denies any remaining allegations of paragraph 3.2.

3.3     Denies that venue is proper under 28 U.S.C. § 1391(b)(1) or (2), denies that Nanal may be found in this district and lacks knowledge or information sufficient to form a belief as to whether Google may be found in this district, and on that basis denies that venue is proper in this district.

3.4     Lacks knowledge or information sufficient to form a belief as to whether the Court has personal jurisdiction over Google and on that basis denies, and denies that the Court has personal jurisdiction over Nanal.

4.1     Lacks knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 4.1, and on that basis denies such allegations.

4.2     Lacks knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 4.2, and on that basis denies such allegations.

4.3     Lacks knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 4.3, and on that basis denies such allegations.

4.4     Admits that Google operates an Internet search engine through which users can use terms to search for websites offering products and services, and lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations of paragraph 4.4, and on that basis denies such allegations.

4.5     Admits that Google sells advertising to appear as "Sponsored Links" next to user's search results, admits that advertisers can select keywords that prospective customers may

ANSWER OF DEFENDANT NANAL, INC. TO
FIRST AMENDED COMPLAINT (C09-789-JLR) - 2
{88590.DOC}

HENDRICKS & LEWIS PLLC
901 Fifth Avenue, Suite 4100
Seattle, Washington 98164
TEL: (206) 624-1933

use in conducting their searches, admits that Nanal has participated in Google's AdWords Program and denies the remaining allegations of paragraph 4.5.

4.6   Lacks knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 4.6 and on that basis denies such allegations.

4.7   Admits that Nanal does not sell VEGA helmets and denies the remaining allegations of paragraph 4.7.

4.8   Lacks knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 4.8, and on that basis denies such allegations.

4.9   Admits that Soaring Helmet sent a letter to Nanal a copy of which is Exhibit C to the Amended Complaint, states that the letter speaks for itself, lacks knowledge or information sufficient to form a belief as to whether Plaintiff sent a cease and desist letter to Google and on that basis denies such allegations and denies any remaining allegations of paragraph 4.9

4.10   Lacks knowledge of information sufficient to form a belief as to the truth of the allegation that Google agreed to remove reference to VEGA, admits that Nanal does not sell VEGA helmets and denies the remaining allegations of paragraph 4.10.

5.1   Nanal realleges and incorporates by reference its responses to the allegations of paragraphs 1.1 through 4.10 as if fully set forth herein.

5.2   Lacks knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 5.2, and on that basis denies such allegations.

5.3   Denies.

5.4   Lacks knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 5.4, and on that basis denies such allegations.

5.5   Denies.

5.6   Lacks knowledge or information sufficient to form a belief as to the value of Soaring Helmet's alleged goodwill, and on that basis denies such allegations, and denies the remaining allegations of paragraph 5.6.

5.7   Admits that Plaintiff did not give Nanal consent, denies that any consent was required and denies the remaining allegations of paragraph 5.7.

ANSWER OF DEFENDANT NANAL, INC. TO
FIRST AMENDED COMPLAINT (C09-789-JLR) - 3
{88590.DOC}

HENDRICKS & LEWIS PLLC
901 Fifth Avenue, Suite 4100
Seattle, Washington 98164
TEL: (206) 624-1933

| | | |
|---|---|---|
| 1 | 5.8 | Denies. |
| 2 | 5.9 | Denies. |
| 3 | 5.10 | Denies. |

4      5.11     Admits that Plaintiff seeks treble damages and attorneys' fees and denies the remaining allegations of paragraph 5.11

6      5.12     Denies.
7      5.13     Denies.
8      5.14     Denies.
9      6.1      Nanal realleges and incorporates by reference its responses to the allegations of paragraphs 1.1 through 5.14 as if fully set forth herein.

11     6.2      Denies.
12     6.3      Denies.
13     6.4      Denies.
14     6.5      Denies.
15     6.6      Denies.
16     6.7      Denies.
17     6.8      Denies.
18     6.9      Denies.
19     7.1      Nanal realleges and incorporates by reference its responses to the allegations of paragraphs 1.1 through 6.9 as if fully set forth herein.

21     7.2      Denies.
22     7.3      Denies.
23     7.4      Denies.
24     7.5      Denies.
25     7.6      Denies.
26     7.7      Admits that Soaring Helmet seeks damages, costs and attorneys' fees and denies the remaining allegations of paragraph 7.7.

ANSWER OF DEFENDANT NANAL, INC. TO
FIRST AMENDED COMPLAINT (C09-789-JLR) - 4
{88590.DOC}

HENDRICKS & LEWIS PLLC
901 Fifth Avenue, Suite 4100
Seattle, Washington 98164
TEL: (206) 624-1933

7.8     Admits that Soaring Helmet seeks treble damages and denies the remaining allegations of paragraph 7.8.

8.1     Nanal realleges and incorporates by reference its responses to the allegations of paragraphs 1.1 through 7.8 as if fully set forth herein.

8.2     Denies.

8.3     Denies.

8.4     Denies.

8.5     Denies.

8.6     Denies.

### PLAINTIFF'S PURPORTED PRAYER FOR RELIEF

8.7     Defendant avers that the WHEREFORE paragraphs 1-6, which appear after paragraph 8.6 of the Amended Complaint, do not contain any allegations that require a response. To the extent, if any, that such paragraphs include any allegations requiring a response, Defendant denies them.

### DEFENSES AND AFFIRMATIVE DEFENSES

As and for its separate defenses and affirmative defenses to Plaintiff's Amended Complaint, Defendant asserts the following:

1.      The Amended Complaint, or one or more of the claims set forth therein, fails to state a claim upon which relief can be granted.

2.      Plaintiff's claims are barred, in whole or in part, by the doctrines of fair use, nominative fair use and/or descriptive use.

3.      Plaintiff's claims are barred, in whole or in part, because any use of the term "vega" by Nanal was not a trademark use.

4.      Plaintiff's claims are barred, in whole or in part, because any use of the term "vega" by Nanal was not likely to cause confusion.

5.      Plaintiff's claims are barred, in whole or in part, because any use of the term "vega" by Nanal was a legitimate use of Plaintiff's mark for comparative advertising purposes and there was no likelihood of confusion with respect to such use.

ANSWER OF DEFENDANT NANAL, INC. TO
FIRST AMENDED COMPLAINT (C09-789-JLR) - 5
{88590.DOC}

HENDRICKS & LEWIS PLLC
901 Fifth Avenue, Suite 4100
Seattle, Washington 98164
TEL: (206) 624-1933

6. Plaintiff's claims are barred, in whole or in part, because any infringement, if any, was innocent.

7. Plaintiff's attempt to preclude use of VEGA as a keyword in Google's AdWord program is an unreasonable restraint of trade, anticompetitive, trademark misuse and bad faith trademark enforcement.

8. Defendant acted reasonably and in good faith.

9. Plaintiff's claims are barred, in whole or in part, by waiver.

10. Plaintiff's claims for injunctive relief are barred because Plaintiff cannot show that it will suffer any irreparable harm from Defendant's actions.

11. The alleged injury or damage suffered by Plaintiff, if any, would be adequately compensated by damages; Plaintiff, therefore, has a complete and adequate remedy at law and is not entitled to equitable relief.

12. Plaintiff's claims are barred, in whole or in part, because Plaintiff was not damaged by any act alleged against Defendant in the Amended Complaint.

13. Plaintiff's claims are barred, in whole or in part, because Defendant was not the actual or proximate cause of any damages to Plaintiff.

14. Plaintiff's Amended Complaint fails to state facts upon which the claims for exemplary or enhanced damages may be maintained.

15. Plaintiff's Amended Complaint fails to state facts upon which the claims for attorneys' fees may be maintained.

16. Plaintiff failed to mitigate its damages, if any.

17. The Court lacks personal jurisdiction over Nanal under the Washington long-arm statute and Nanal should therefore be awarded its attorneys' fees in defense of this action under RCW 4.28.185.

18. Venue is not proper in this District.

19. Defendant does not waive and reserves the right to amend this Answer to assert additional defenses and affirmative defenses as discovery progresses in this matter.

//

ANSWER OF DEFENDANT NANAL, INC. TO
FIRST AMENDED COMPLAINT (C09-789-JLR) - 6
{88590.DOC}

HENDRICKS & LEWIS PLLC
901 Fifth Avenue, Suite 4100
Seattle, Washington 98164
TEL: (206) 624-1933

## PRAYER FOR RELIEF

WHEREFORE, Defendant prays as follows:

20. That Plaintiff take nothing from Defendant;

21. That the Court enter judgment dismissing with prejudice the Amended Complaint and each of its purported causes of action;

22. That the Court award Defendant its reasonable expenses and costs of suit, including but not limited to reasonable attorneys' fees; and

23. That the Court grant Defendant such other further relief as the Court may deem proper.

Dated this 2nd day of December, 2009.

Respectfully submitted,

HENDRICKS & LEWIS PLLC

By: s/ Katherine Hendricks
Katherine Hendricks
WSBA No. 14040
Stacia N. Lay
WSBA No. 30594
901 Fifth Avenue, Suite 4100
Seattle, Washington 98164
Email: kh@hllaw.com
Email: sl@hllaw.com
Telephone: (206) 624-1933
Facsimile: (206) 583-271

ANSWER OF DEFENDANT NANAL, INC. TO
FIRST AMENDED COMPLAINT (C09-789-JLR) - 7
{88590.DOC}

HENDRICKS & LEWIS PLLC
901 Fifth Avenue, Suite 4100
Seattle, Washington 98164
TEL: (206) 624-1933

## PROOF OF SERVICE

I am employed in the County of King, State of Washington. I am over the age of eighteen years and am not a party to the within action. My business address is Hendricks & Lewis PLLC, 901 Fifth Avenue, Suite 4100, Seattle, Washington 98164.

I hereby certify that on December 2, 2009, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following CM/ECF participants:

Stacie Foster, Esq.
Steve Edmiston, Esq.
Heather M. Morado, Esq.
Invicta Law Group, PLLC
1000 Second Avenue, Suite 3310
Seattle, Washington 98104
Telephone: (206) 903-6364
sfoster@invictalaw.com
sedmiston@invictalaw.com
hmorado@invictalaw.com

Attorneys for Plaintiff Soaring Helmet Corporation

Margret M. Caruso, Esq.
Quinn Emanuel Urquhart Oliver & Hedges, LLP
555 Twin Dolphin Drive, Suite 560
Redwood Shores, California 94065
Telephone: (650) 810-5101
margretcaruso@quinnemanuel.com

Karin B. Swope
Keller Rohrback L.L.P.
1201 Third Avenue, Suite 3200
Seattle, Washington 98101
Telephone: (206) 623-1900
kswope@kellerrohrback.com

Attorneys for Defendant Google Inc.

I declare under penalty of perjury under the laws of the State of Washington that the foregoing is true and correct.

Executed December 2, 2009, at Seattle, Washington.

_Lisa Schaefer_
Lisa Schaefer

ANSWER OF DEFENDANT NANAL, INC. TO
FIRST AMENDED COMPLAINT (C09-789-JLR) - 8
{88590.DOC}

HENDRICKS & LEWIS PLLC
901 Fifth Avenue, Suite 4100
Seattle, Washington 98164
TEL: (206) 624-1933