Stacie Foster, WSBA #23397
Heather M. Morado WSBA #35135
INVICTA LAW GROUP, PLLC
1000 Second Avenue, Suite 3310
Seattle, WA 98104-1019
Telephone: (206) 903-6364
Facsimile: (206) 903-6365

Attorneys for Plaintiff

THE HONORABLE JAMES J. ROBART

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON AT SEATTLE

SOARING HELMET CORPORATION, a Washington corporation,

Plaintiff,

v.

NANAL, INC., a Nevada corporation, d/b/a LEATHERUP.COM

Defendant.

Cause No. C09-0789 JLR

AMENDED JOINT STATUS REPORT AND DISCOVERY PLAN

This Amended Joint Status Report and Discovery Plan is filed by Plaintiff SOARING HELMET CORPORATION ("Soaring Helmet") and Defendant NANAL, INC. ("Nanal").

1. **Statement of the Nature and Complexity of the Case**

The parties agree that this is not a complex case.

AMENDED JOINT STATUS REPORT AND DISCOVERY PLAN – 1

INVICTA LAW GROUP, PLLC
1000 SECOND AVENUE, SUITE 3310
SEATTLE, WA 98104-1019
FAX (206) 903-6365
TEL (206) 903-6364

1840 071 ja120701

Dockets.Justia.com

Plaintiff Soaring Helmet's Statement of the Case:

Soaring Helmet has asserted claims for federal trademark infringement, false designation of origin, false advertising and unfair competition and tortious interference with prospective economic advantage against Nanal. The claims are in connection with the alleged infringement of Soaring Helmet's trademark "VEGA®".

Soaring Helmet has used the trademark VEGA in connection with the marketing and sale of motorcycle helmets since 1994. Soaring Helmet has invested substantial sums of time, money, and effort to develop the favorable cachet, goodwill, and reputation associated with its VEGA mark. In April 2009, Soaring Helmet learned that when the query "VEGA helmets" was searched via the Google search engine, a false and misleading sponsored link appeared stating that Nanal's website, Leatherup.com, offered "50% off VEGA helmets." Soaring Helmet lost business as a result of the misleading advertisement when a potential distributor, attempting to research Soaring Helmet's reputation via the Google search engine, refused to associate with Soaring Helmet based on the mistaken assumption that it sells its VEGA helmets to deep discount retailers, when in fact, Soaring Helmet does not.

Soaring Helmet notified Defendant of its objection to the use of the VEGA mark as a keyword for Sponsored Links in connection with companies that do not in fact sell any of Soaring Helmet's products. Although Nanal has stopped using the VEGA as an advertising keyword on the Google search engine, a search query for "VEGA helmets" still generates an advertisement for the Leatherup.com website on other search engines, including but not limited to the Bing and Yahoo search engines. Soaring Helmet

AMENDED JOINT STATUS REPORT AND DISCOVERY PLAN – 2

INVICTA LAW GROUP, PLLC
1000 SECOND AVENUE, SUITE 3310
SEATTLE, WA 98104-1019
FAX (206) 903-6365
TEL (206) 903-6364

1840 071 ja120701

believes that Nanal should not be permitted to siphon the goodwill associated with the VEGA mark by falsely luring consumers searching specifically for Soaring Helmet's mark to the Leatherup.com website. Although the confusion may be resolved once the consumer visits the Leatherup.com website, the damage to Soaring Helmet has already occurred because the potential consumer has been unfairly misled to the Leatherup.com website. Consumers should not be induced to purchase Leatherup.com's products based on an association with a trademark that Soaring Helmet exclusively owns. The use of Soaring Helmet's VEGA mark by Defendant unfairly trades on the favorable goodwill and cachet of the VEGA mark and creates initial interest confusion among consumers.

Defendant Nanal's Statement of the Case

Defendant Nanal, Inc. ("Nanal") is a Nevada corporation that does business as Leatherup.com, selling products for motorcyclists via its website and by telephone. As part of its online advertising, Nanal participated in Google's "AdWords" program, which—as Google has described it—allows businesses to promote their products and services through targeted advertising. As part of the AdWords program, Google sells advertising to appear as "Sponsored Links" that appear next to user's search results for particular terms and phrases. In this litigation, Plaintiff Soaring Helmet Corporation ("Plaintiff") asserts four claims regarding Nanal's participation in Google's AdWords program—specifically as it relates to Plaintiff's claimed trademark "VEGA"—for trademark infringement and false designation of origin, false advertising and unfair competition under the Lanham Act, unfair competition under Washington's Consumer Protection Act and tortious interference with prospective economic advantage.

AMENDED JOINT STATUS REPORT AND DISCOVERY
PLAN – 3

INVICTA LAW GROUP, PLLC
1000 SECOND AVENUE, SUITE 3310
SEATTLE, WA 98104-1019
FAX (206) 903-6365
TEL (206) 903-6364

1840 071 ja120701

Among other defenses asserted in this litigation, Nanal contends that Plaintiff cannot establish any likelihood of confusion as to source, sponsorship or affiliation in connection with Nanal's participation in Google's AdWords program. In addition, to the extent Plaintiff claims any purported injury in connection with Nanal's alleged actions, any such alleged injury was fleeting at best and the issue has since been resolved. Before filing this lawsuit, Plaintiff sent a cease and desist letter to Leatherup.com in April 2009 demanding that it "immediately remove any reference to the [VEGA] Mark from any false and misleading sponsored listing advertisements[.]" Nanal promptly took steps to attempt to address Plaintiff's concern. It modified the Leatherup.com online advertising so that it did not appear as sponsored links with "VEGA," "Vega Helmets," or "Vega" with any other word(s). In August 2009, Nanal further modified its Google AdWords campaign to incorporate the instruction "not Vega" so that the advertisements do not appear when "Vega" is searched alone or together with any other word.

Defendant contends that Plaintiff's assertions with respect to "other search engines, including Bing and Yahoo" as set forth in its statement of the case herein are outside the scope of Plaintiff's First Amended Complaint and outside the scope of Plainitff's "cease and desist" letters dated April 28, 2009 (Exhibits C and D to First Amended Complaint), and therefore are not proper subjects of this action, not before the Court, and not subjects as to which Plaintiff has given Defendant reasonable notice.

As a consequence of these and other factual and legal issues, Nanal contends that Plaintiff cannot establish the claims identified in Plaintiff's First Amended Complaint.

INVICTA LAW GROUP, PLLC
1000 SECOND AVENUE, SUITE 3310
SEATTLE, WA 98104-1019
FAX (206) 903-6365
TEL (206) 903-6364

1840 071 ja120701

2. **Preferred ADR Method**

The parties' preferred ADR method is mediation, pursuant to Local Rule 39.1.

3. **Timing of ADR Proceeding**

The parties believe that ADR, and specifically, mediation, should be conducted by November 12, 2010.

4. **Deadline for Joining Additional Parties**

The parties propose additional parties be joined by January 31, 2010.

5. **Proposed Discovery Plan**

The parties suggest the following discovery plan:

A. **FRCP 26(f) Conference and FRCP 26(a) Initial Disclosures**

The parties held a telephonic FRCP 26(f) Conference on January 5, 2010. Initial Disclosures will be exchanged by January 25, 2010.

B. **Subject Matter and Phases of Discovery**

The parties require discovery related to all issues in this case.

C. **Limitations on Discovery**

The parties do not believe at present that any other changes should be made to the limitations on discovery imposed under the Federal and Local Civil Rules, or that any other limitations should be imposed. Recognizing, however, that circumstances may change as the case progresses, the parties reserve the right to request changes if circumstances warrant.

AMENDED JOINT STATUS REPORT AND DISCOVERY PLAN – 5

INVICTA LAW GROUP, PLLC
1000 SECOND AVENUE, SUITE 3310
SEATTLE, WA 98104-1019
FAX (206) 903-6365
TEL (206) 903-6364

1840 071 ja120701

### D. Discovery Management

The parties will work together to minimize discovery disputes. In addition, the parties will prepare and file an agreed electronic discovery protocol.

### E. Other Discovery Orders

The parties believe that a protective order is required to protect confidential information exchanged during discovery. The parties will prepare and file an agreed Stipulated Protective Order. The parties are not presently aware of any other orders that should be entered by the Court under FRCP 26(c) or under Local Rule CR 16(b) and (c).

### 6. Date for Completion of Discovery

The parties agree that discovery can be completed by September 30, 2010.

### 7. Referral to Magistrate Judge

The parties do not agree to the designation of a magistrate judge.

### 8. Bifurcation

The parties see no need to bifurcate any issues.

### 9. Pre-Trial Statements and Pre-Trial Order

The parties believe that the Local Rules need not be modified.

### 10. Suggestions for Shortening or Simplifying the Case

The parties presently have no suggestions to offer at this time for shortening or simplifying the case.

### 11. Date Ready for Trial

The parties agree that the matter can be ready for trial by January 31, 2011.

INVICTA LAW GROUP, PLLC
1000 SECOND AVENUE, SUITE 3310
SEATTLE, WA 98104-1019
FAX (206) 903-6365
TEL (206) 903-6364

1840 071 ja120701

## 12. Trial by Jury

A jury trial at this time has not been requested.

## 13. Number of Trial Days Required

The parties anticipate that trial of this matter will require 2-3 court days.

## 14. Names, Addresses and Telephone Numbers of Trial Counsel

Plaintiff:
Stacie Foster
Steven W. Edmiston
Heather M. Morado
INVICTA LAW GROUP, PLLC
1000 Second Avenue, Suite 3310
Seattle, Washington 98104
Telephone: (206) 903-6364
Facsimile: (206) 903-6365
sfoster@invictalaw.com
sedmiston@invictalaw.com
hmorado@invictalaw.com

Defendant:
Katherine Hendricks
HENDRICKS & LEWIS, PLLC
901 Fifth Avenue, Suite 4100
Seattle, Washington 98164
Telephone: (206) 624-1933
Facsimile: (206) 583-2716
kh@hllaw.com

## 15. Service of all Parties

Defendant has been served.

## 16. Scheduling Conference

The parties do not believe that a scheduling conference is required.

AMENDED JOINT STATUS REPORT AND DISCOVERY PLAN – 7

INVICTA LAW GROUP, PLLC
1000 SECOND AVENUE, SUITE 3310
SEATTLE, WA 98104-1019
FAX (206) 903-6365
TEL (206) 903-6364

1840 071 ja120701

RESPECTFULLY SUBMITTED this 19th day of January 2010.

INVICTA LAW GROUP, PLLC

BY: *Heather Morado*
Heather M. Morado, WSBA No. 35135
Stacie Foster, WSBA No. 23397
Steven W. Edmiston, WSBA No. 17136
Heather M. Morado, WSBA No. 35135
Attorneys for Plaintiff Soaring Helmet Corp.

HENDRICKS & LEWIS, PLLC

BY: /S/ KATHERINE HENDRICKS
Katherine Hendricks, WSBA No. 14040
Attorney for: Nanal, Inc.

AMENDED JOINT STATUS REPORT AND DISCOVERY PLAN – 8

INVICTA LAW GROUP, PLLC
1000 SECOND AVENUE, SUITE 3310
SEATTLE, WA 98104-1019
FAX (206) 903-6365
TEL (206) 903-6364

1840 071 ja120701

## CERTIFICATE OF SERVICE

I hereby certify that I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following persons/attorneys of record:

Ms. Katherine Hendricks
Hendricks & Lewis, PLLC
kh@hllaw.com

Dated this 19th day of January, 2010, at Seattle, Washington.

Katy M. Albritton
Legal Assistant

AMENDED JOINT STATUS REPORT AND DISCOVERY PLAN – 9

INVICTA LAW GROUP, PLLC
1000 SECOND AVENUE, SUITE 3310
SEATTLE, WA 98104-1019
FAX (206) 903-6365
TEL (206) 903-6364

1840 071 ja120701